GARFIELD SMELTING CO. v. INDUSTRIAL COMMISSION OF UTAH.

No. 3277.    Decided Dec. 27, 1918.    (178 Pac. 57.)

1. CONSTITUTIONAL LAW—LEGISLATIVE POWERS—CONSTITUTIONAL LIMITATIONS. Though state Constitutions are limitations on legislative power respecting subjects expressed in the limitations, existing rights, where otherwise proper subjects of legislation, may be enlarged and augmented. (Page 138.)

2. MASTER AND SERVANT—WORKMEN'S COMPENSATION—VALIDITY OF ACT. Industrial Commission Act, section 72, providing for election

Garfield Smelting Co. v. Industrial Commission of Utah, 53 Utah 133.

between compensation for death under the act or damages in law action, and under section 73 for waiver of right to bring law action by application for compensation, is not violative of Const. art. 16, section 5, as abrogating right of an adult to recover damages for death under Comp. Laws 1888, sections 3178, 3179; an adult being capable of making election. (Page 140.)

3. MASTER AND SERVANT—WORKMEN'S COMPENSATION—WAIVER OF LAW—ACTION FOR DEATH—MINORS. ' An heir who is not sui juris cannot waive his right of action for death by an application for an award, or vice versa, under Industrial Commissions Act, section 73, being incapable in law of making an election. (Page 140.)

4. MASTER AND SERVANT—WORKMEN'S COMPENSATION—VALIDITY OF ACT—MINORS. Industrial Commission Act, in so far as it attempts to limit compensation to minor heirs for death and to enforce a waiver of right to bring law action for the death under section 73, is invalid where death was by employer's wrongful act, minors having right of action in such case under Comp. Laws 1888, sections 3178, 3179, which cannot be abrogated under Const. art. 16, section 5, but is valid where death was not caused by employer's negligence or wrongful act. (Page 140.)

5. MASTER AND SERVANT—WORKMEN'S COMPENSATION—WAIVER OF LAW ACTION—MINORS—WAIVER BY MOTHER. Mother by applying for compensation for father's death does not, under Industrial Commissions Act, section 73, waive minor children's right to bring law action for damages under Comp. Laws 1888, sections 3178, 3179, where death was caused by employer's wrongful act, which right Industrial Commissions Act could not abrogate under Const. art. 16, section 5. (Page 144.)

6. STATUTES—PARTIAL INVALIDITY—WORKMEN'S COMPENSATION. Invalidity of Industrial Commission Act in so far as it attempts to abrogate minor heirs' right, under Comp. Laws 1888, sections 3178, 3179, to bring action for death caused by employer's wrongful act, does not affect validity of other provisions, or validity of the provisions of the act where death was purely accidental. (Page 145.)

7. CONSTITUTIONAL LAW—EQUAL PROTECTION OF LAWS. Under federal Constitution every citizen, regardless of his station or condition, is entitled to the equal protection of the law whether it applies to his personal or to his property right, and every law violative of such right is invalid. (Page 146.)

8. CONSTITUTIONAL LAW—CONSTRUCTION FAVORING CONSTITUTIONALITY. Statute which is susceptible to different constructions will be given that construction which conforms to the Constitution. (Page 146.)

9. JURY—RIGHT TO TRIAL BY—WORKMEN'S COMPENSATION ACT. In employer's action under Industrial Commissions Act, employer de-

nying that accident causing death was one arising out of and in course of employment *held* entitled, under section 87, to a jury trial on such issue.    (Page 146.)

10. MASTER AND SERVANT—WORKMEN'S COMPENSATION—EVIDENCE— HEARSAY.  Under Industrial Commission Act, section 88, Industrial Commission may consider hearsay evidence, but no material finding can stand, if seasonably assailed, where based entirely on hearsay or incompetent evidence.   (Page 148.)

Appeal from the District Court of Salt Lake County, Third District; *Hon. R. B. Porter,* Judge.

Action by the Garfield Smelting Company against the Industrial Commission of the State of Utah.

Judgment of dismissal. Plaintiff appeals.

AFFIRMED.

*Bagley & Ashton* for appellant.

*Dan B. Shields,* Atty. Gen., and *O. C. Dalby* and *Herbert Van Dam, Jr.,* Asst. Attys. Gen., for respondent.

FRICK, C. J.

The questions presented by this appeal are based upon and arise out of the provisions of chapter 100, Laws Utah 1917, commonly known as the Industrial Commission Act, hereinafter designated as the Industrial Act.   That act has been before us on two other occasions, namely, in *Industrial Commission* v. *Daly Mining Co.,* 51 Utah, 602, 172 Pac. 301, and in *Industrial Commission* v. *Evans,* 52 Utah, 394, 174 Pac. 825, where a number of sections of that act were construed and applied.   To avoid unnecessary repetition we refer to those cases, and shall in this opinion set forth only such portions of the Industrial Act as are absolutely necessary to make clear the questions decided.

The questions now to be determined, briefly stated, arise as follows: On the 24th day of September, 1917, one Mary G.

Ringholz, of Salt Lake City, filed her petition and application before the Industrial Commission wherein she, in substance, alleged that she is the surviving widow of one Jacob Ringholz, who on August 22, 1917, had died from an injury which was caused by an accident arising in the course of his employment while he was an employee of the Garfield Smelting Company, the appellant here. The particulars concerning the accident resulting in death were set forth in the petition. The petitioner also gave the names and ages of the surviving children of the decedent, who were three sons, one of whom was eleven, another sixteen, and the third eighteen years of age. The petition contained all the necessary allegations which are required by the rules of the Industrial Commission. The Garfield Smelting Company, hereinafter designated appellant, appeared and answered the petition. In its answer it was admitted that the petitioner was the widow, and that the children were the sons of the deceased, that the deceased, prior to his death, was an employee of appellant, and that he died on the date stated in the petition. Appellant, however, denied that the death of the deceased ''was caused by reason of an accident arising out of or in the course of his employment by the defendant,'' and further denied all other material allegations of the petition. Appellant also affirmatively averred in its answer that the commission was without jurisdiction, setting forth the facts in that regard in detail. A hearing was had before the Industrial Commission on the issues presented by the petition and answer, and on the 22d day of October, 1917, it filed its decision, in which it, in substance, found that the deceased was injured as alleged; ''that the injury was one arising out of and in the course of the employment of the deceased by the defendant corporation.'' Other necessary findings were made which it is not necessary to repeat here. The commission accordingly awarded the widow the sum of $4,500, to be paid by the appellant ''for the benefit of herself and minor child,'' the son of 11 years of age. The other two sons, for the reason hereinafter appearing, were excluded. The award was made payable at the rate of fifteen dollars a week, ''payable every four weeks until the total sum of $4,500 is paid, or until the fur-

ther order of this commission.'' Appellant was also required
to pay $200 ''for medical, hospital, and nursing expenses,''
and $150 for ''funeral expenses.'' Upon a rehearing the last
two items were eliminated from the award, and the award
in all other respects was affirmed. After the rehearing and
the affirmance of the award the appellant commenced this ac-
tion in the district court of Salt Lake County against the
commission pursuant to the provisions of the Industrial Act.
It set forth in its complaint all of the facts hereinbefore
stated, with others not necessary to be enumerated, and also
stated the facts in detail why the commission was without
jurisdiction and wherein it had exceeded its powers under the
Industrial Act, and alleged that the award, for specific rea-
sons stated, was unconstitutional and void. When the matter
came on for hearing in the district court, appellant demanded
a jury trial upon the issue as to whether the deceased was
injured in the course of his employment, and hence whether
the appellant was liable under the Industrial Act. The dis-
trict court refused a jury trial, and, after hearing argu-
ments of counsel upon the other questions raised, upon the
issues presented, and upon the law, the court entered a judg-
ment dismissing the action, from which judgment this ap-
peal is prosecuted.

Counsel for appellant have assigned a large number of er-
rors. In their brief they have, however, limited their argu-
ment to the following propositions: (1) ''That the Industrial
Commission Act, in so far as it attempts in death cases to
abrogate the right of action by the heirs, or any of them, or
attempts to fix a statutory limitation of the amount recover-
able, is unconstitutional and void;'' (2) whether the widow,
acting alone, without regard to the rights of the children,
may exercise the sole right to waive an action for damages and
accept the compensation provided by the act; (3) that the em-
ployer is entitled to a jury trial upon the question whether
the alleged injury is one ''arising out of and in the course of
employment,'' and that the district court erred in denying
appellant a jury trial upon that question; and (4) that, even
though appellant is not entitled to a jury trial, yet the award
of the commission is void, and the judgment of the district

court affirming the same is erroneous because there is no evidence whatever in support of the finding that the injury which caused the death of the deceased arose out of and in the course of his employment. We have condensed counsel's second and third propositions into our third.

We remark that at the hearing in this court both counsel for the appellant and the Attorney General, who appeared for the commission, with most commendable frankness, conceded that there are a number of difficult questions which arise under the Industrial Act by reason of some of the provisions of our Constitution which do not arise under similar acts in other jurisdictions. It was conceded, therefore, that in so far as those constitutional provisions are concerned, the decisions of the courts of other jurisdictions, where such provisions are not in force, can shed but little, if any, light upon what the result should be respecting some of the propositions involved on this appeal.

We shall consider the several propositions relied on by appellant's counsel in the order we have stated them.

The constitutional provision which is specifically relied on by appellant is found in article 16, section 5, of our Constitution, which reads as follows:

"The right of action to recover damages for injuries resulting in death, shall never be abrogated, and the amount recoverable shall not be subject to any statutory limitation."

A mere glance at the foregoing section shows that it imposes a double limitation upon legislative action: (1) That the right to "recover damages for injuries resulting in death" may not be abrogated; and (2) that the amount of recovery in such actions may not be limited by law. In view that state Constitutions are limitations on the legislative power respecting the subjects expressed in the limitations, the Legislature ordinarily may nevertheless enlarge existing rights; that is, such rights, if otherwise proper subjects of legislation, while they may not be destroyed or abridged, may nevertheless be enlarged or augmented by legislative enactment. In view, therefore, that the Constitution clearly prohibits the Legislature from abrogating the "right of action," it becomes necessary to inquire what that

right was and who enjoyed it at the time the Constitution was adopted by the people of this state. As we have seen, the Constitution says ''the right of action'' shall not be abrogated; hence the right referred to must be deemed to be the right as it then existed and not merely an abstract right. The right as it then existed is found in 2 Comp. Laws Utah 1888 and constituted sections 3178 and 3179 of that compilation. Those sections read as follows:

''3178. A father, or in case of his death or desertion of his family, the mother may maintain an action for the death or injury of a minor child; and a guardian for the injury or death of his ward, when such injury or death is caused by the wrongful act or neglect of another. Such action may be maintained against the person causing the injury or death, or if such person be employed by another person who is responsible for his conduct, also against such other person.''

''3179. When the death of a person not being a minor is caused by the wrongful act or neglect of another, his heirs or personal representatives may maintain an action for damages against the person causing the death, or if such person be employed by another person who is responsible for his conduct, then also against such other person. In every action under this and the preceding section, such damages may be given as under all the circumstances of the case may be just.''

Those two sections are also found under the title ''Of the Parties to Civil Actions'' in Laws Utah 1884, c. 54, as sections 233 and 234. From there they were carried into Comp. Laws 1888, supra, and from the latter into R. S. Utah 1898 as sections 2911 and 2912. Those sections were amended to make them more specific in some particulars in 1901 (see Laws Utah 1901, p. 40), and they thereafter became a part of Comp. Laws 1907 as sections 2911 and 2912. We shall refer to the numbers of the sections as found in Comp. Laws 1907, but shall limit the argument to the sections as they existed in 1895, when the Constitution was adopted.

The right of action given in section 2911 in case of the death of a minor child at the time the Constitution was adopted was vested in the father, and, in case of his desertion, in the mother, and in the case of the death of the ward,

in the guardian. The right of action was, however, limited
to cases where the death was caused by the "wrongful act or
neglect of another." Where, however, the wrongful act or
neglect in question was that of a person for whose acts and
neglect another was responsible, the right of action existed
against either or both. By section 2912, in case of the death
of a person not a minor which was caused by the wrongful act
or neglect of another, the right of action was vested in the
heirs or personal representatives of the deceased person. In
view of the language of the constitutional provision, we are
bound to presume that the "right of action" there mentioned
is the right which was conferred in the statute which we have
quoted. In the absence of anything to the contrary in the
Constitution itself, the presumption becomes conclusive. The
election of remedy which is provided for in section 72 of the
Industrial Act was no doubt intended to conform that act to
the constitutional provision to which we have referred. It no
doubt was also for that reason that section 73 of said act was
adopted. That section reads:

"Every employee or his legal representative in case death
results, who makes application for an award, or accepts com-
pensation from an employer, waives his right to exercise his
option to institute proceedings in any court. Every em-
ployee, or his legal representative in case death results, who
exercises his option to institute proceedings in court, as pro-
vided in this act, waives his right to any award, or direct pay-
ment of compensation from his employer."

If all those who are given a right of action in case of death
are adults and of sound mind, no difficulty can arise, since
such persons are capable to choose and elect; and so long
as an opportunity to choose and a reasonable time of
election is given to exercise the right we cannot see
how the right given by the Constitution can be said to
be abrogated. The question then merely is one of limit-
ing the time within which the right shall be exercised, which
is necessarily a legislative question, provided the time is not
unreasonably short. As we have seen, the statute, however,
gives the right of action to the heirs, regardless of whether
they are minors or adults. Indeed, the right, as all know, is,

and in the nature of things must necessarily be, more fre-
quently exercised by minors than by adults. True, not all
heirs may be dependents, and thus be entitled to substantial
damages, but all heirs have a right of action, and are thus
entitled to at least nominal damages as a matter of law. It
is the right of action we are now dealing with, and not the
question of damages. The question therefore is: Is the waiver
provided for in the Industrial Act to which we have referred
binding on an heir who is not sui juris? We think not. Such
an heir under the law is incapable of making an election, and
hence his acts, whatever they may be, cannot be held to con-
stitute an election and a waiver which binds him. As we have
pointed out, however, in making the award in this case the
commission limited the amount to $4,500, and made a further
order that the same be paid for the benefit of the widow and
the youngest son, thus excluding the two older ones, one of
whom was 16 and the other 18 years of age, from sharing in
the award to any extent. In making the foregoing award for
the amount stated, and in excluding the two older sons, the
commission followed the provisions of the Industrial Act.
Counsel for appellant, however, contend that in limiting the
amount in cases of death and in excluding any heirs the provi-
sions of that act are contrary to the provisions of the Consti-
tution which we have quoted. Counsel therefore insist that
the award of the commission and the exclusion of the two sons
are of no force or effect. Indeed, they insist that the award
is not binding even on the youngest son, since it follows the
limitation imposed in the act. They contend, therefore, that
even though the award were paid, their client would never-
theless still be subject to an action by the three sons, since
neither of them has attained his majority, and hence could
not and did not waive any of the rights guaranteed by the
constitutional provision. If, therefore, in case of the death
of the father, a right of action accrues, and such right is
vested in all of the heirs, or for the benefit of all, and the
amount of damages may not be limited by law, but must be
determined either by a court or by a jury in an ordinary ac-
tion and in accordance with the usual procedure in law cases,
it is not easy to perceive why counsel's contention in an ordi-

nary case of negligence should not prevail. We are of the opinion, therefore, that in so far as the act attempts to limit the amount of damages, or compensation as it is there called, in case of death which arises in the course of the employment of the deceased, and which is caused by the wrongful act or neglect of the employer, or of some one for whose acts he is responsible, and in so far as the act attempts to enforce a waiver against minors, and in limiting the amount of recovery as against them, it is invalid, and not enforceable against such minors. It does not follow, however, that the provisions of the act are not enforceable in any case of death which is caused by an injury arising in the course of the employment. Of course, there is no liability in any case unless the injury causing the death arises in the course of the employment of the deceased. But the right of compensation in such a case is not limited by the Industrial Act, as in our statute, to cases where the death is the result of some wrongful act or neglect. As we have seen, sections 2911 and 2912 give the right of action only in case the death is caused by the wrongful act or neglect of another. No cause of action arises, therefore, if the death is caused by a mere accident or where the negligence of the deceased is the proximate cause or proximately contributes thereto, or in case any of the other usual defenses that are available are established. Moreover, in case an action is brought to recover damages pursuant to sections 2911 or 2912, the defenses of assumed risk, contributory negligence, and fellow servants are still available, while, if an application for compensation under the Industrial Act is made, these defenses are not available. Under the Industrial Act, therefore, the accident causing death need not be caused through the wrongful act or neglect of the employer or through the wrongful act or neglect of one for whom he is responsible. All that is necessary to entitle the claimant under the act to compensation is that the death resulted from an injury which arose in the course of the employment of the deceased, and his mere acts of negligence do not constitute a bar to the action. The action is barred only in case that it is shown that the death was caused through the willful or criminal act of the deceased, or what is equivalent thereto. The remedy given by

the Industrial Act is therefore broader than the one given by the statute, and it is the statutory remedy only that is guaranteed by the Constitution. The Legislature thus has enlarged the right to compensation, and in so far as that was done the Legislature has the right to determine and to direct who shall enjoy the fruits of the increased or enlarged remedy. If, therefore, the award in this case is one which is based entirely upon the enlarged remedy given by the Industrial Act, we can conceive of no reason why it is not binding upon all persons if it conforms to the provisions of the act. If such is the case, no rights guaranteed by the Constitution are abridged or invaded, and no limitation is imposed contrary to the Constitution, since the award in question is entirely outside and beyond the right which is protected by the Constitution. In this connection it must, however, not be overlooked that an award may be made in a case where the death of the husband and father was in fact caused by the wrongful act or neglect of the employer or of some one for whom he is responsible, but the application may ignore that fact and the claim may be based upon the act alone. If such is the case, the minor heirs are not bound, whatever the award may be, since the Constitution protects their rights in such a case. Under such circumstances the right exists by virtue of the statute which existed when the Constitution was adopted, and hence cannot be ignored by merely following the provisions of the Industrial Act. The question therefore arises in every case of death where there are minor heirs: Was the death caused by the wrongful act or neglect of the employer or one for whom he is responsible, or was it merely accidental without any wrong or neglect whatever? If the latter is the case, then, as we have seen, no complication arises, since the claim is not one which is affected or protected by the Constitution, and hence no rights are invaded in complying with the provisions of the Industrial Act, although some of the heirs may be excluded from participation as provided in the act. So far as they are concerned, the award is a mere gratuity to the widow and the children under the age of sixteen.

We remark that under the Industrial Act no child who is actually dependent, whatever its age, is excluded; but, in case

the child has attained the age limit the fact of dependency must be made to appear, since under the act all children above a certain age are' deemed not to be dependents. That phase of the act, however, needs no further discussion here.

From what has been said it follows that in every case where claim for compensation is for the death of an employee, against an employer, which is caused by an injury which arose in the course of the employment, and where there are heirs who are minors, the question of whether the death was caused through the wrongful act or neglect of the employer, or of some one for whose acts and neglect he is responsible, the cause of death must be legally and judicially determined. If it be determined that the death was caused by wrongful act or neglect, the constitutional provision at once becomes effective, and the rights of the minor heirs are protected. It is clear that the right of the minor heirs cannot be determined by the mother's application for compensation under the Industrial Act. Neither can she, by making such an application, waive the rights of the minors; nor will she be deemed to have waived their rights until and unless such waiver is made in a judicial proceeding and in a manner known to the law affecting minors' rights. In such case, therefore, the commission cannot legally make an award which is binding on the minor heirs unless they have waived their constitutional rights in conformity with law, and the commission should not proceed to make an award in such cases until the rights of the minor heirs have been judicially determined, as hereinbefore stated, and their waiver has been obtained in a proper judicial proceeding. Unless and until that has been done no employer can safely pay an award made by the commission until the general statute of limitations in such cases has fully run. If, however, heirs may waive their rights by not bringing an action, they may also do that otherwise; but, as suggested, it must be legally done, and not by mere implication. The defendant may, however, well waive that question in this proceeding, since the evidence is clear and, as it seems to us, indisputable that the death in this case was not caused by either the wrongful act or neglect of the defendant, or of any one for whose acts it is

responsible. We cannot see how either the defendant, the heirs, or any one else can successfully contend otherwise. As before stated, the evidence that the death was entirely accidental is not only not disputed, but, under the circumstances, it seems to us, that fact is indisputable, and hence no question of fact arises. In view of that the award in this case is based entirely upon the enlarged remedy created by the Industrial Act, and hence, as we have seen, the constitutional rights of the heirs are not involved or affected. No waiver on their part is therefore essential. By what we have just stated we do not mean to be understood that the defendant can be required to waive that question as a matter of law, nor that we require it to do so, but what we mean is that under the evidence in this case but one result seems permissible, and that is that the death was purely accidental, and hence the defendant might well waive any further judicial inquiry with respect to that question.

From what has been said it follows that the Industrial Act, in so far as it provides compensation in cases where the death is caused by the wrongful act or neglect of another, and where it assumes to limit the damages in such cases and attempts to impose a waiver on the part of minor 6 heirs otherwise than in the manner herein outlined, cannot be upheld. This, however, does not affect the other provisions of the act, nor does it affect the provisions of the act in cases where the death is purely accidental, as hereinbefore stated.

This brings us to the second proposition, namely, whether the widow may waive the rights of the minor heirs. From what has already been said it necessarily follows that she may not do that. The right is a constitutional right, and if the widow may waive it, as was attempted in this case, and as the Industrial Act seems to contemplate, then the right of action, so far as the minor heirs are concerned, is practically abrogated. Moreover, if she may do that, she may also waive the other constitutional provision that the amount of damages shall not be limited. In all cases, therefore, of death by wrongful act or neglect, the waiver of the minor heirs must

be obtained in some judicial proceeding in the manner herein-before indicated.   This disposes of the second proposition.

The third proposition, namely, that the district court erred in denying defendant a jury trial upon the question of whether the accident causing the death was one arising out of and in the course of the employment of the deceased is not so difficult.   It is only fair to the district judge who tried the case to state that at the time he tried this case the case of *Industrial Commission of Utah* v. *Evans,* reported in 52 Utah, 394, 174 Pac. 825, had not been decided.   In that case we held that, in view that in section 87 of the Industrial Act the employee is given the right of trial by jury in case the commission denies his claim for compensation upon the ground ''that the accident did not arise out of and in the course of the employment,'' we could not escape from the con-clusion that the employer, in case he denied that the accident thus arose, was also entitled to a jury trial.   That conclusion was based upon the fact that the employer, whether a self-insurer or one who contributed to the insurance fund, is directly interested in preventing spurious claims from being allowed, and hence is entitled to defend against any claims upon the ground that the injury upon which the claim is based is not one which was caused by an accident arising out of and in the course of the employment.

If there is one fundamental principle which is calculated to perpetuate our form of government, both federal and state, more than any other it is that every citizen, regardless of his station or condition, is entitled to the equal protection of the law whether it applies to his personal or to his        7, 8, property rights.   Every law which offends against        9 that principle in the federal Constitution is necessarily invalid.   When, therefore, the language of an act or section which is drawn in question may be given a dual meaning; that is, where it is open to different constructions, it is the duty of the courts to adopt that construction which makes the law conform to the Constitution.   For the purpose of conforming to the foregoing rule of construction we felt constrained to construe section 87 of the Industrial Act in the Evans Case so as to give the employer the same rights and protection.

that in that section are expressly given to the employee. We therefore held in that case that, inasmuch as the employee is entitled to a jury trial in case his claim is denied upon the ground that the accident causing the injury "did not arise out of and in the course of employment," the employer must be given the same right; otherwise he would be denied the equal protection of the law. That such would be the case is clearly illustrated in the case of *Atchison & S. F. Ry.* v. *Vosburg*, 238 U. S. 56, 35 Sup. Ct. 675, 59 L. Ed. 1199, L. R. A. 1915E, 953. While it is true that in the Evans Case we held that the question of the ultimate liability of the employer or the ultimate right of recovery of the employee, under our Constitution constitutes a judicial question which, if insisted upon by either or both parties, must be determined by the courts, yet we did not there hold, nor even intimate, nor do we now hold, that the question must be determined in any particular form of action. All that we there held was that, where a particular form of action or trial is given to one of the parties, the same right must be accorded to the other. It may well be that the Industrial Act could have been so framed as to give the parties a right of review in the courts, or in some court, in a different form of action or proceeding than by a jury trial, just as is the case in California, Michigan, New York, and other jurisdictions where similar acts are in force. See *Western Indemnity Co.* v. *Pillsbury*, 170 Cal. 686, 151 Pac. 398; *Englebretson* v. *Industrial Commission*, 170 Cal. 793, 151 Pac. 421; *Reck* v. *Whittlesberger*, 181 Mich. 463, 148 N. W. 247, Ann. Cas. 1916C, 771, and *Matter of Carroll* v. *Knickerbocker Ice Co.*, 218 N. Y. 435-439, 113 N. E. 507, Ann. Cas. 1918B, 540, reversing 169 App. Div. 450, 155 N. Y. Supp. 1. The foregoing cases illustrate how the ultimate question of liability or right of recovery may be reviewed by the courts in proceedings other than by jury trials. See, also, *Courter* v. *Simpson Construction Co.*, 264 Ill. 497, 106 N. E. 353, and other cases referred to in the Evans Case. So long, however, as our Industrial Act reads as it now does, there is no escape from the conclusion that the defendant is entitled to a jury trial upon the question of whether the injury is the re-

sult of an accident which arose out of and in the course of the employment of the defendant.

This brings us to the final proposition, namely, that there is no competent evidence authorizing a finding that the injury resulted from an accident which arose out of and in the course of the employment.

The Industrial Commission at the hearing admitted the statements of the deceased in which he explained when, where, and how he received the injury.

It is vigorously insisted by counsel for appellant that hearsay evidence is inadmissible for any purpose.

Section 88 of the Industrial Act reads as follows:

"The commission shall not be bound by the usual common law or statutory rules of evidence or by any technical or formal rules of procedure, other than as herein provided; but may make the investigation in such manner as in its judgment is best calculated to ascertain the substantial rights of the parties and to carry out justly the spirit of this act."

A similar section is in force in the state of New York, and it was there contended, as it is here, that hearsay evidence was inadmissible. The Supreme Court of New York, in the *Matter of Carroll* v. *Knickerbocker Ice Co.*, 169 App. Div. 450, 155 N. Y. Supp. 1, held that under the section of the Industrial Act referred to above the commission could make an award on hearsay evidence alone, or on other evidence which would be incompetent under the ordinary rules of evidence. That ruling was, however, reversed by the New York Court of Appeals, which is the court of last resorts, in 218 N. Y. 435-439, 113 N. E. 507, Ann. Cas. 1918B, 540.

In the case of *Englebretson* v. *Industrial Commission*, 170 Cal. 793, 151 Pac. 421, it is also held that under the California statute, which, however, is narrower than the New York statute and section 88 of our statute, hearsay evidence is not admissible for any purpose.

While we have the highest regard for the opinion of the California Supreme Court, yet, in view that the difference between our section 88 and the California statute is a substantial one, and for other reasons which we shall not pause to state, we cannot assent to the conclusion of

that court as broadly as it is stated, namely, that the Commission may not admit hearsay evidence for any purpose. We are of the opinion that for the purpose of determining questions of fact arising under the Industrial Act the commission, in order to arrive at the truth, may pursue any course or method which to it seems best calculated to arrive at the truth, so long as it does not depart from the provisions of the act. The commission may thus have recourse to hearsay evidence if such evidence may lead to some tangible fact which sheds light upon the ultimate question to be determined and found. In that respect it is the duty of the commission to observe and follow the provisions of the act, and if that is done neither this nor any other court has the right to interfere with the commission in the method pursued by it in arriving at its conclusions. We, however, agree with the New York Court of Appeals, as expressed in 218 N. Y. 439, 113 N. E. 507, Ann. Cas. 1918B, 540, that although the commission in its investigations may have recourse to hearsay evidence to assist it at arriving at the real facts, yet when it makes its findings every finding of fact must be based on some substantial legal and competent evidence. In other words, every material finding that is entirely based on hearsay or other incompetent evidence is not supported by substantial evidence, and cannot be permitted to stand if seasonably and properly assailed. This, it seems to us, is the only reasonable and practical construction that should be placed on the Industrial Act when considered as a whole, as it must be.

Defendant's counsel are in error in their contention that the finding that the deceased died from an injury which was caused by an "accident arising out of and in the course of his employment" is based entirely upon hearsay evidence. At least one witness testified that he was with the deceased when he received the injury which ultimately caused his death. True, the witness said he did not remember which finger, or whether it was on the right or the left hand that the deceased was injured. That, in view of the other evidence, is of no great moment. There is no evidence whatever, or even any fact from which a legitimate inference could be deduced that the deceased was injured elsewhere or otherwise than as

150, SUPREME COURT OF UTAH. [Dec.

Garfield Smelting Co. v. Industrial Commission of Utah, 53 Utah 133.

stated by the witness just referred to. Indeed, there is some evidence to the effect that the deceased was not otherwise injured. As the evidence now stands, therefore, the only legitimate inference is that the deceased was injured precisely as stated by the witness, and in view of all the other evidence the inference is again more than merely persuasive that the injury actually resulted in death. The finding that is assailed is therefore clearly and sufficiently supported by substantial and competent evidence. As hereinbefore stated, however, the defendant is entitled to a jury trial upon that issue if it so elects, but, in view that the questions respecting the competency and sufficiency of the evidence to support the findings were squarely presented for decision, we had no alternative, and hence were compelled to determine them.

We desire to add in conclusion that we have gone into the questions more fully than we otherwise would have done in deference to counsel's desire that we determine the effect of the several provisions of the Industrial Act, in so far as that could legitimately be done in this proceeding.

For the reasons stated, the judgment is reversed, and, in case the defendant still desires a jury trial upon the question whether the accident which resulted in the death of the deceased did or did not arise out of and in the course of employment of the deceased, the case is remanded to the district court of Salt Lake County, with directions to try that question as herein provided. If, however, the defendant elects to abide by this opinion and does not desire to try the question referred to farther, the judgment of the district court will stand affirmed, without costs.

CORFMAN, THURMAN, and GIDEON, JJ., concur.

McCARTY, J., died after the submission of the cause and before the filing of this opinion.