Argument for Appellants.

(June 30, 1920.)

## HATTIE ERICKSON and GUNHILD KNUTESON, Appellants, v. EDWARD RUTLEDGE TIMBER COMPANY, a Corporation, Respondent.

[191 Pac. 212.]

Personal Injury — Evidence — Res Gestae — Declarations of Decedent—Admissibility.

1. In an action to recover damages for the death of one employed in a lumber-mill, statements made by the deceased to his daughter at the hospital, some two hours after the accident occurred, and in response to a question as to the cause of the accident, under circumstances which show that his statement was not so spontaneous as to be elicited by the occasion of the accident, are not properly part of the *res gestae*.

2. The controlling test is not whether the statement made is probably true, but whether it was made at a time when the declarant was in such a calm, reflective and deliberate state of mind as to enable him to fabricate a statement if he chose, thereby constituting the statement a narrative of a ·past transaction. Where the circumstances, as in this case, show that the statement was made while the declarant was in such a state of mind, it is immaterial whether what he said is true or false. In either event it is hearsay and is not admissible as a part of the *res gestae,* and the error in admitting it is regarded as prejudicial.

3. *Held,* that the lower court committed no error in granting a motion for a new trial upon the ground that certain evidence which had been admitted as part of the *res gestae* was not properly so admitted, but was hearsay.

APPEAL from the District Court of the Eighth Judicial District, for Kootenai County. Hon. John M. Flynn, Judge.

Action for damages for death caused by negligence. Judgment for plaintiff. Order granting new trial. *Affirmed.*

Lynn W. Culp, for Appellants.

"In the United States the tendency is to extend, rather than narrow, the scope of the doctrine of *res gestae.*

Although, generally, the declarations must be contemporaneous with the event sought to be proved, yet, where there are connecting circumstances, they may, even when made some time afterward, form a part of the *res gestae.*" (Bouvier's Law Dict.; 1 Taylor on Evidence, sec. 525; *Board of Education v. Keenan,* 55 Cal. 642; *People v. Vernon,* 35 Cal. 49, 95 Am. Dec. 49; *Travelers' Ins. Co. v. Moseley,* 8 Wall. (U. S). 397, 19 L. ed. 437, see, also, Rose's U. S. Notes; *Rex v. Foster,* Car. & P. 325; *Anderson v. Great Northern Ry. Co.,* 15 Ida. 513, 99 Pac. 91; *Hyvonen v. Hector Iron Co.,* 103 Minn. 331, 123 Am. St. 332, 115 N. W. 167; *O'Connor v. Chicago, M. & St. P. Ry. Co.,* 27 Minn. 166, 38 Am. Rep. 288, 6 N. W. 481; *Commonwealth v. McPike,* 3 Cush. (Mass.) 181, 50 Am. Dec. 727; *New York etc. Mining Syndicate etc. Co. v. Rogers,* 11 Colo. 6, 7 Am. St. 198, 16 Pac. 719; *Roberts v. Port Blakely Mill Co.,* 30 Wash. 25, 70 Pac. 111; *Johnson v. State,* 8 Wyo. 494, 58 Pac. 761; *State v. Martin,* 124 Mo. 514, 529, 28 S. W. 12; *Lewis v. State,* 29 Tex. App. 201, 25 Am. St. 720, 15 S. W. 642; *Fulcher v. State,* 28 Tex. App. 465, 471, 13 S. W. 750; *Commonwealth v. Werntz,* 161 Pa. St. 591, 29 Atl. 272.)

Ralph S. Nelson, for Respondent.

The statement of deceased, if made at all, was not the immediate outcome of the facts, nor was it contemporaneous with nor did it succeed the facts under circumstances rendering the words uttered part of the transaction. To use the words sometimes used when defining *res gestae,* the statement was a narrative. (*Greener v. General Electric Co.,* 209 N. Y. 135, 102 N. E. 527, 46 L. R. A., N. S., 975; *Atchison, T. & S. F. Ry. Co. v. Logan,* 65 Kan. 748, 70 Pac. 878; *Travelers' Ins. Co. v. Sheppard,* 85 Ga. 751, 12 S. E. 18; *White v. City of Marquette,* 140 Mich. 310, 103 N. W. 698; *State v. McDaniel,* 68 S. C. 304, 102 Am. St. 661, 47 S. E. 384; *Bernard v. Grand Rapids Paper Box Co.,* 170 Mich. 238, 136 N. W. 374, 42 L. R. A., N. S., 930; *Waldele v. New York Central & H. R. R. Co.,* 95 N. Y. 274, 47 Am. Rep.

41; *Vicksburg & M. R. R. Co. v. O'Brien,* 119 U. S. 99, 7
Sup. Ct. 118, 30 L. ed. 299, see, also, Rose's U. S. Notes;
*National Masonic Acc. Assn. v. Shryock,* 73 Fed. 774, 20
C. C. A. 3.)

The *res gestae* of a transaction is what is done during the
presence of it, or so near upon the actual occurrence as
fairly to be treated as contemporaneous with it. (*Ohio &
M. Ry. Co. v. Stein,* 133 Ind. 243, 31 N. E. 180, 32 N. E.
831, 19 L. R. A. 733; *Savannah etc. Ry. Co. v. Holland,*
82 Ga. 257, 14 Am. St. 158, 10 S. E. 200; *Sorenson v.
Dundas,* 42 Wis. 642; *Sullivan v. Oregon R. & N. Co.,* 12
Or. 392, 53 Am. Rep. 364, 7 Pac. 508; *Gordon v. Grand
Rapids & I. Ry. Co.,* 103 Mich. 379, 61 N. W. 549; *Boone
v. Oakland Transit Co.,* 139 Cal. 490, 73 Pac. 243; *Lissak v.
Crocker Estate Co.,* 119 Cal. 442, 51 Pac. 688; *Beasley v.
San Jose Fruit Packing Co.,* 92 Cal. 388, 28 Pac. 485; *Ten-
nis v. Rapid-Transit Ry. Co.,* 45 Kan. 503, 25 Pac. 876;
*Durkee v. Central Pac. R. Co.,* 69 Cal. 533, 58 Am. Rep.
562, 11 Pac. 130.)

BUDGE, J.—This is an appeal from an order granting
a motion for a new trial. The motion was granted upon
the theory that certain evidence which had been admitted
as a part of the *res gestae* was not properly so admitted
and was not a part of the *res gestae,* but was hearsay.

Under the view we have taken the correctness of this rul-
ing is the only question we need to determine. The action
is to recover damages for the death of the father of appel-
lant Hattie Erickson and husband of appellant Gunhild
Knuteson, alleged to have been caused by the negligence of
respondent. The injury to deceased occurred between 7 and
8 o'clock on the morning of the 29th of August, 1916, in
the mill-yards of respondent while on a conveyor carrying
cars of lumber from the mill to certain stations in the yard.
The statements of deceased in question were made to the
daughter at the hospital during a conversation between her
and deceased some time between 9:30 and 11 o'clock the
same morning.

The testimony upon which the trial court's ruling is based is as follows:

"Q. Now, when you first got to your father's side and he was on the operating-table you are speaking of, was he conscious?

"A. Yes.

"Q. Did he say anything to you?

"Mr. Nelson.—We object to this as incompetent, irrelevant and immaterial, not within the issues and pleadings in this case.

"The Court.—I will overrule the objection.

"A. Yes, he said quite a few things to me.

"Mr. Culp.—Q. What was the first thing he said to you? Don't give any long detailed description of what he said, but any remarks about what caused the accident or as to his condition.

"Mr. Nelson.—Now, if your Honor please, we object to that as incompetent, irrelevant and immaterial, not within the issues in this case, not binding upon this defendant, hearsay.

"The Court.—I will overrule the objection.

"A. Well, the first thing he said when I came in—I put my arms around him, and he says, "It's going to kill me, Girlie, but take it easy."

"The Court.—That is not material.

"Mr. Culp.—No, that is not material; that part of it is not material.

"Q. Go on, state what he said about the injury, if you can, please.

"Mr. Nelson.—I object to it as incompetent, irrelevant and immaterial, hearsay, not binding upon this defendant, not within the issues.

"Mr. Culp.—Q. Did he make any statement to you about how the injury happened?

"The Court.—I will overrule the objection.

"A. I lifted up the sheet and looked at his leg to see what condition it was in, and I went back to him and I

asked him how it happened, but I will have to say in Norwegian, if you want me to say exactly the words.

"Mr. Culp.—Q. State what he said—state it in English, the same words, that is the same things that he said in Norwegian, state in English, if you can.

"A. Yes, but I was speaking in Norwegian to him.

"Q. That don't matter; just state what it was in English.

"Mr. Nelson.—We make the same objection.

"The Court.—Same ruling.

"A. I asked him how in the world it happened and he said he was fixing the block underneath the wheel of the car and lost his balance and his foot slipped in by the wheel of the trailer.

"Mr. Culp.—Q. By the wheel of the trailer?

"A. Yes.

"Mr. Nelson.—We move to strike out the answer as hearsay, not within the issues of this case, not binding on the defendant, incompetent, irrelevant and immaterial.

"The Court.—I will deny the motion."

There is probably no principle in law which has occasioned more judicial perplexity than the rule which admits in evidence, as an exception to the hearsay rule, statements, declarations or exclamations on the theory that they constitute a part of the *res gestae.* (See generally, *Walters v. Spokane International Ry. Co.*, 58 Wash. 293, 108 Pac. 593, 42 L. R. A., N. S., 917; *Bernard v. Grand Rapids Paper Box Co.*, 170 Mich. 238, 136 N. W. 374, 42 L. R. A., N. S., 930, and exhaustive note to the two cases.) The underlying principles are well understood and as to them the authorities are generally harmonious. But the application of these underlying principles to the given facts of a particular case has occasioned great difficulty and is left pretty largely to the sound discretion of the trial court. (*Coffin v. Bradbury*, 3 Ida. 770, 95 Am. St. 37, 35 Pac. 715; 3 Wigmore on Evidence, sec. 1750, p. 2257; *State v. McDaniel,* 68 S. C. 304, 102 Am. St. 661, 47 S. E. 384; *Bernard v. Grand Rapids Paper Box Co., supra.*) This does not imply that the view of the trial court is necessarily final, but

merely that in reviewing a ruling of the trial court as to whether or not certain evidence is part of the *res gestae* the appellate court will examine the facts and circumstances in the light of the underlying principles, and will hesitate to reverse the ruling of the trial court except where it is reasonably apparent that there has been either a misconception of the principles involved or a clear abuse of such discretion. In the McDaniel case, *supra,* the court said:

"Questions of this kind must be very largely left to the sound judicial discretion of the trial judge, who is compelled to view all the circumstances in reaching his conclusion, and this court will not reverse his ruling, unless it clearly appears from undisputed circumstances in evidence that the testimony ought to have been admitted or rejected, as the case may be."

These general principles have been broadly stated as follows:

"Time is not necessarily a controlling element or principle in the matter of *res gestae.* The general rule is that a declaration sought to be proved must have been contemporaneous with the event established as the principal act; but in order to constitute declarations a part of the *res gestae,* it is not necessary that they shall have been precisely coincident in point of time with the principal fact. If they sprang out of the principal fact, tend to explain it, were voluntary and spontaneous, and made at a time so near it as to preclude the idea of deliberate design, they may be regarded as contemporaneous, and are admissible in evidence. Declarations made immediately preceding a particular litigated act, which tend to illustrate and give character to the act in question, are admissible as part of the *res gestae.* A declaration, however, which is merely a narrative of a past occurrence, though made ever so soon after the occurrence, is not part of the *res gestae* and cannot be received in evidence. While the statements may be separated from the act by a lapse of time more or less appreciable, yet they must stand in immediate causal relation to the act—a relation not broken by the interposition of vol-

untary individual wariness seeking to manufacture evidence for itself. Declarations which are the result of an afterthought on the part of the declarant, made concerning a past event, are only hearsay and not competent evidence to prove the facts of such event. When there are connecting circumstances statements may, even when made some time afterward, form a part of the whole res gestae; or if a subsequent declaration and the main fact at issue, taken together, form a continuous transaction, the declaration is admissible; but a mere subsequent declaration is not, of itself, a sufficient connecting circumstance to make it admissible. No fixed time or distance from the main occurrence can be established as a rule to determine what shall be part of the res gestae. Each case must necessarily depend on its own circumstances." (10 R. C. L. 978, sec. 161.)

The circumstances most important to consider in any case are those which tend to show the state of mind of the declarant at the time his statements were made. As already noted, time, although not controlling, is an important element entering into a determination of the fact. Other elements equally important are: (a) Space, that is whether the statement was made in the immediate presence of the main fact or transaction in question or made after the declarant was removed from the immediate scene of the main fact and presumably, to some extent or in some measure at least, from its attendant influence; (b) Whether or not the statement was elicited in response to a question, although neither of the foregoing elements are controlling; (c) any fact or circumstance immediately related, including the nature of the statement itself tending to show the apparent state of mind existing in the declarant at the time of making the statement. In order to constitute such a statement a part of the res gestae it must, in the light of all the foregoing circumstances, appear to be so spontaneous as to leave no suspicion that the declarant was in a deliberate or reflective state of mind.

Examining the evidence above quoted in the light of what has been said, we are of the opinion that, although the

statement in question was made at a place some distance removed from the place of the injury and its attendant influence, and at a time probably more than two hours thereafter, these elements could not be regarded as controlling when we stop to consider the severity of the injury sustained by the deceased and the fact that up to that time practically nothing had been done either to dress the wound or relieve his suffering, and the further fact that he died later, the same day, within a few hours thereafter. (*Dallas Hotel Co.* v. *Fox* (Tex. Civ.), 196 S. W. 647.)

However, the lack of coincidence as to time and space is important to consider (*Travelers' Ins. Co.* v. *Sheppard,* 85 Ga. 751, 12 S. E. 18; *White v. City of Marquette,* 140 Mich. 310, 103 N. W. 698; *National Masonic Acc. Assn.* v. *Shryock,* 73 Fed. 774, 20 C. C. A. 3; *Spiegel's House Furnishing Co.* v. *Industrial Commission,* 288 Ill. 422, 123 N. E. 606; *Sullivan v. Oregon R. & N. Co.,* 12 Or. 392, 53 Am. Rep. 364, 7 Pac. 508) in connection with the fact that the statement clearly was made during a conversation, which so far as the record discloses, may have extended over a period of an hour and a half. It was made in reply to a question put to him by his daughter, and after he had made a statement to her which, to our mind, clearly indicates that, notwithstanding the shock which he had received and the pain which he must still have been suffering, he had sufficiently regained his poise, that he was thinking not so much of his own misfortune and its probable consequences to himself as he was of the effect which a realization of the extent of his injury was going to have upon his daughter. His statement: "It is going to kill me, Girlie, but take it easy," leads logically to this conclusion. After he had thus sought to bolster up her apparently failing courage she asked him: "How in the world it happened?" Whereupon he proceeded to relate to her his recollection of the occurrence. These circumstances show that his statement was not so spontaneous as to be superinduced by the occasion.

While it may well be that there is nothing in this evidence to indicate that the statement partakes of the nature

of deliberate design, as that phrase is used by the courts, that is not essential.

The controlling test is not whether the statement made is probably true, but whether it was made at a time when the declarant was in such a calm, reflective and deliberate state of mind as to enable him to fabricate a statement if he chose, thereby constituting the statement a narrative of a past transaction. Where the circumstances, as in this case, show that the statement was made while the declarant was in such a state of mind, it is immaterial whether what he said is true or false. In either event it is hearsay, and is not admissible as a part of the *res gestae,* and the error in admitting it is regarded as prejudicial. As was said by the court of appeals of New York: "Whatever we may consider to have been the sufficiency of the other evidence, we could, and should, not assume that a declaration, made under such circumstances, may not have had its effect upon the jurors' minds." (*Greener v. General Electric Co.,* 209 N. Y. 135, 137, 102 N. E. 527, 528, 46 L. R. A., N. S., 975; *National Masonic Acc. Assn. v. Shryock,* 73 Fed. 774, 20 C. C. A. 3.)

The order appealed from is affirmed. Costs are awarded to respondent.

Rice, J., concurs.

MORGAN, C. J., Concurring.—While I am not in accord with all that has been said in the foregoing opinion with reference to the admissibility of statements, otherwise inadmissible, on the ground that they are part of the *res gestae,* the testimony of the witness, Hattie Erickson, wherein is recited declarations made to her by her father as to the cause of the injury which resulted in his death, is clearly hearsay, and I concur in the conclusion reached.