Johnson, J.
The court of appeals was of opinion that “No award having been made by the industrial commission in favor of the surviving widow, the only dependent, no cause of action existed in favor of the administrator of the deceased dependent.”
Mrs. Chrysler died on the I5th of November, 1914, following the death of her husband on July 27 preceding. It was conceded in argument at the bar that the widow had taken steps to present her claim to the.industrial commission prior to her death, in substantial compliance with the statute, and the record shows that the case properly reached the court of common pleas on appeal. But the court of appeals entertained the view that inasmuch as no award had been made by the industriál commission to the widow during her life no claim survived to her administrator.
*298 Section 35 of the act in force at the time of Chrysler’s death (103 O. L., 86) contains the following: “2. If there are wholly dependent persons at the time of the death, the payment shall be sixty-six and two-thirds per cent, of the average weekly wages, and to continue for the remainder of the period between the date of the death, and six years after the date of the injury, ’ ’ and also “4. The following persons shall be presumed to be wholly dependent for support upon a deceased employe: (A) A wife upon a husband with whom she lives at the time of his death.” Mrs. Chrysler was living with her husband when he died and was his sole dependent.
It is, therefore, clear that she was a claimant wholly dependent upon the deceased employe.
Since the decision of the case by the court of appeals the question as to the necessity of the making of the award during the life of the widow has been determined by this court. In the recent case of Industrial Commission v. Dell, Exrx., 104 Ohio St., 389, it is held in the fourth proposition of the syllabus that “The right of a widow to participate in the state insurance fund is not lost by the death of such widow before an award has been rendered thereon, but the legal representative of such widow, in the absence of other dependents, is entitled to an award covering the period from the time of the death of the employe until the death of such widow.”
Therefore, in this case, the administrator of Mrs. Chrysler is entitled to an award covering the period from the time of the death of the employe until her death.
*299 The court of appeals also found that the common pleas court erred in refusing the request of the industrial commission for a trial by a jury.
Section 43 of the Workmen’s Compensation Act, 103 Ohio Laws, 88, contains the following: “Provided, however, in case the final action of such board denies the right of the claimant to participate at all in such fund on the ground that the injury was self-inflicted or on the ground that the accident did not arise in the course of employment, or upon any other ground going to the basis of the claimant’s right, then the claimant, within thirty (30) days after the notice of the final action of such board, may, by filing his appeal in the common pleas court of the county wherein the injury was inflicted, be entitled to a trial in the ordinary way, and be entitled to a jury if he demands it.”
The court of common pleas seems to have been of the opinion that the clause “be entitled to a jury if he demands it” precluded the industrial commission from the exercise of such a right.
It will be noted that the proviso quoted is confined entirely to provisions securing the right to appeal to the employe in case the commission denies his right to participate at all in the fund on any of the grounds stated going to the basis of his claim, and it prescribes the steps to be taken by him in that behalf. But there is contained in the same section (43) these provisions concerning the proceeding itself after the appeal has been perfected: “Within thirty days after filing his appeal, the appellant shall file a petition in the ordinary form against such, board as defendant, and further pleadings shall be had in said cause, according to the rules *300 of civil procedure, and the court, or the jury, under the instructions of the court, if a jury is demanded, shall determine the right of the claimant; and if they determine the right in his favor, shall fix his compensation within the limits under the rules prescribed in this act * * *. Either party shall have the right to prosecute error as in the ordinary civil cases.”
It seems clear from this language that the legislature contemplated that after the appeal had been perfected to the court of common pleas that court should proceed as in other civil cases. The language is “further pleadings shall be had in said cause, according to the rules of civil procedure, and the court, or the jury, * * * if a jury is demanded, shall-determine the right of the claimant.” This language clearly implies that after the cause has taken its place, subject to the rules of civil procedure, in the court of common pleas, all rights which belong to parties litigant in a court of general jurisdiction, including the right to demand a trial by jury, should belong to either party.
In Garfield Smelting Co. v. Industrial Commission of Utah, 53 Utah, 133, 178 Pac. Rep., 57, 62, a provision substantially identical with the Ohio provision, and which is said by the supreme court of Utah to have been largely copied from the statute of Ohio, was involved. In that case it was held that the commission was entitled to demand a jury, and the court says at page 146: “If there is one fundamental principle which is calculated to perpetuate our form of government, both federal and state, more than any other, it is that every citizen, regardless of his station or condition, is entitled to *301 the equal protection of the law whether it applies to his personal or to his property rights.”
In Fassig v. State, ex rel. Turner, 95 Ohio St., 232, an employer who had not contributed to the state insurance fund, and had not been granted the privilege to compensate his injured employes direct, attacked the constitutionality of Section 27 of the act, which requires the industrial commission to fix the amount of compensation due for an injury to one of his employes. The commission fixed the amount of compensation and ordered the employer to pay the amount. The validity of Section 27 was attacked on the grounds that it infringed Section 5, Article I, the Bill of Rights., which provides that the right of trial by jury shall be inviolate; that it was obnoxious to Section 16 of the same article, which provides that all courts shall be open; and that it was a taking of property without due process of law. The constitutionality of the law was sustained, and in the opinion of the court at page 242, it is said: “The action against the employer. to recover the amount .so ascertained and fixed must be brought in a court of general jurisdiction, and the defendant employer is entitled' to a trial by jury. He is entitled to make the defense that he is not an employer of five or more employes, etc.; that the injury to the beneficiary was not received in the course of employment, or that it was wilfully self-inflicted; or he might show that he had paid his premium into the insurance fund. The defense that he would not be entitled to make in the case simply goes to the amount of compensation, for that is fixed pursuant to the statute. ’ ’ As to that there is no issuable fact to be tried.
*302 In the Fassig case the employer had refused to comply with the provisions of the Workmen’s Compensation Law, and the suit was to compel him to pay the amount fixed by the industrial commission under the law; and in that case it was pointed out that the employer would be entitled to a jury trial as to the issues enumerated. As to those issuable facts it was recognized that they should be determined by due course of law.
Now in this case the employer complied with the Workmen’s Compensation Law, and the commission represents the employers who have complied with the law and no reason is apparent why they should not have equal rights with those who refuse to comply with the law. The commission found that the death of the employe had not been caused by an injury received in the course of his employment, and the claimant appealed to a court of general jurisdiction for the purpose of establishing that fact in his favor.
It would seem to be clear that the constitutional requirement of the equal protection of the laws would demand that the industrial commission should also be entitled to a trial by jury.
It is a well-established rule, that, where the language will permit, such construction will be given to a statute as will bring it into harmony with the letter and spirit of the constitution.
The workmen’s compensation insurance fund is raised by the state by compulsory contributions thereto by employers. When the industrial commission finds that an employe has been injured in the course of his employment, not wilfully self-inflicted, and fixes the amount due him for the par *303 ticular injury, pursuant to the provisions of the statute, it acts on behalf of the state and the contributors to the fund. If it denies him the right to participate at all in the fund, on any ground going to the basis of his claim, he is entitled to take that question on appeal to the court of common pleas, where the cause proceeds “according to the rule of civil procedure.”
If on the trial to the court or jury the ground which is the basis of his claim, such as that he was injured in the course of his employment, is found in his favor, the amount due him is fixed in accordance with the statute.
For the reasons given the judgment of the court of appeals and also the judgment of the court of common pleas will be reversed, and this cause will be remanded to the court of common pleas for a new trial on the issues of fact going to the basis of the plaintiff’s claim, on which new trial either party shall be entitled to a trial by a jury, and if the facts are found in favor of claimant there shall be awarded to the administrator compensation in accordance ■with the statute covering the period from the time of the death of the employe to the death of the widow.

Judgment reversed.

Marshall, C. J., Hough, Wanamaker, Robinson, Jones and Matthias, JJ., concur.