(No. 5719.  July 21, 1931.)

ESTHER JENSEN, Widow of JAMES WILLIAM JEN-
SEN, Deceased, Appellant, v. WHEELER & ENG-
LAND, a Copartnership, Employer, and STATE IN-
SURANCE FUND OF THE STATE OF IDAHO,
Surety, Respondents.

[1 Pac. (2d) 624.]

J. Ward Arney, for Appellant.

E. B. Smith, for Respondents.

McNAUGHTON, J.—This is an appeal from a judgment of the district court affirming the findings, conclusions and order of the Industrial Accident Board, denying appellant compensation under the Workmen's Compensation Law of this state.

Claimant's husband died September 23, 1930, of staphylococcus infection. The infection resulted in abscesses; first an abscess deep in the upper part of the right thigh, then

on the patient's arm, his forehead, in his lungs and else-where, so general as to cause death. Claimant attempts to trace the cause of death to a strain in the right thigh, which it is claimed resulted from an industrial accident. In this behalf it is claimed that the decedent, at about 10 o'clock in the evening of the twenty-second day of August, 1930, while oiling the steam-shovel, upon and about which he was employed, accidentally stepped off the shovel upon loose rocks and received a severe strain or wrench in the muscles of his right thigh, which developed into the unfortunate condition resulting in death. This was four days before his condition became so bad that he was forced to quit work.

The bacteria found in the blood incident to the infection was of a kind not normally in the body. It must get in from the outside, as through an abrasion or cut in the skin. No such immediate origin was found. Nevertheless, from the testimony of the doctors, it appears that where one's blood is infected with the kind of bacteria found, a severe strain or wrench might be responsible for the condition resulting in death. That is to say, severe strain might, where such infection was lingering in the body, bring about a lessening of the natural resistance in the location of the strain so that a first abscess would occur there to such an extent that its bacteria would circulate in the blood stream, which might, except for the strain, never have located and might have gradually been eliminated.

Upon the hypothesis that the deceased, on the night of August 22d, did suffer a severe strain of the muscles of the right thigh in which the first abscess was found, two of the doctors gave it as their opinion that the deceased's condition and death was brought about by such strain.

One of the attending physicians, not in response to any hypothetical question, but considering the hospital's record and history of the case, gave it as his opinion that it was improbable the condition or illness of which Jensen died so resulted.

The Industrial Accident Board found:

" . . . . There being no direct evidence that the deceased, James William Jensen, on the 22d day of August, 1930, or at any other time, or at all, while in the employ of Wheeler & England stepped from the shovel onto some loose rocks, slipped, and wrenched his leg, and the proved facts and circumstances surrounding the deceased Jensen's alleged injury not being sufficient to enable us to logically infer that said deceased did so step from the shovel onto some loose rocks, slip and wrench his leg, and the answers of the expert witnesses for the claimant not being based upon hypothetical questions containing all of the facts and circumstances as herein found, and it appearing to us that the physicians and surgeons who actually attended the said James William Jensen, now deceased, during his illness are in better position to form an opinion as to the cause of the deceased's death, and as to the cause of the abscess in his leg, we expressly find that the abscess which was found in deceased's right leg was not the result of his stepping from the shovel onto some rocks, . . . . and that the death of the said deceased was not the result of a personal injury by accident arising out of and in the course of the deceased's employment with the defendants, Wheeler & England, on or about the 22nd day of August, 1930, or at any other time, or at all."

The board entered an order denying compensation.

The judgment of the district court, sustaining the ruling of the board, was upon the ground that the only testimony offered in support of the alleged injury was hearsay and did not constitute competent evidence of the claimed accident.

The only testimony we can find in the record in proof of an accident is the testimony of claimant to the effect that the deceased on the night of August 22d, on returning from work, complained of his leg hurting and told her he had stepped off the shovel on to some rocks and slipped and he had wrenched his right leg.

Clearly this was hearsay. And, where statements to a witness made away from and more than two hours after the alleged occurrence, when the declarant was apparently in a deliberate or reflective state of mind, and such statements are in the nature of an ordinary narration of past events, they are not within the exception to the rule against hearsay as *res gestae,* and are incompetent as evidence. (*Erickson v. E. Rutledge Timber Co.,* 33 Ida. 179, 191 Pac. 212; *Wilson v. Standard Oil Co.,* 47 Ida. 208, 273 Pac. 758.)

"Much latitude is permitted the board in the admission of evidence, but findings of fact cannot be based on incompetent evidence." (*Wilson v. Standard Oil Co., supra; Garfield Smelting Co. v. Industrial Com.,* 53 Utah, 133, 178 Pac. 57; 2 Schneider's Workmen's Compensation Law, sec. 508.)

There being no competent evidence upon which to base an award, the judgment of the district court must be affirmed, with costs to respondent.

Lee, C. J., and Budge, Givens and Varian, JJ., concur.