FREDERICKSON et al. v. INDUSTRIAL COMMISSION
OF UTAH et al.

No. 4395.   Decided July 29, 1926.   Rehearing Denied October 8, 1926
(249 P. 480.)

*S. P. Armstrong,* of Salt Lake City, for plaintiffs.

*Harvey H. Cluff,* Atty. Gen., and *J. Robert Robinson,*
Asst. Atty. Gen., for defendants.

THURMAN, J.

On June 30, 1925, Christie S. Frederickson filed an application with the Industrial Commission of Utah for compensation for the death of her husband, Thomas A. Frederickson, on May 24, 1925. It is alleged in the application that deceased was injured on November 23, 1922, while in the course of his employment as an employee of Zion's Cooperative Mercantile Institution, a corporation of Salt Lake City, Utah, and an employer subject to the provisions of the Industrial Act (Comp. Laws 1917, §§ 3061-3165). The defendant Hartford Accident and Indemnity Company carried the insurance. It is also alleged in the application that at the time of his injury deceased was being paid $105 per month, working six days per week.

Defendants admit the above allegations except that they deny that deceased was injured by an accident arising out of or in the course of his employment.

A hearing was had before the commission July 16, 1925. The parties were represented by counsel, witnesses were sworn and examined, and the cause taken under advisement. On October 26, 1925, the commission entered an order denying compensation. Thereafter seasonable application was made for a rehearing, on the grounds of newly discovered evidence, supported by affidavits. On January 2, 1926, the application was denied. The conclusion of the commission from the facts found was that the only evidence tending to show that the deceased met with an accident as alleged was hearsay. It therefore denied the application. The case is before us on writ of review.

The evidence tends to show that deceased had been an employee of the defendant mercantile company many years previous to November 23, 1922, the date it is alleged the accident occurred; that he was hardware warehouse employee, and was generally understood by those employed about the institution to be a strong able-bodied man until about September, 1922; that at that time be made several complaints

to Mr. Strong, manager of the express department, under whom deceased worked; that Strong jokingly told him he had summer complaint; that deceased said it bothered him to go upstairs to the dining room; that Strong at that time noticed that when deceased came in at noon he would lie down; that he thought that peculiar as it was not deceased's habit to lie down at noon; that on or about November 3, 1922, deceased appeared quite ill; that Strong told him to go home and stay until he felt better; that he was home four days; that he then returned and worked two days but was unable to continue, and Strong sent him home again.

It is claimed by the applicant that deceased was injured on November 23, 1922, while unloading a box of tin. She was so informed by deceased on his return home that evening. He did not tell her so at first, but did when she pressed him to explain what was the matter. He seemed in great distress. Dr. Gill Richards, a nephew of applicant and attending physician, was called to see deceased December 15, 1922. Deceased then complained of a severe pain in his abdomen, thinking at that time he had stomach trouble. Deceased said he had had the trouble for something over two weeks. The doctor testified that instead of stomach trouble he found that deceased had an old endocarditis, which means leaking valves of the heart; that his heart was badly dilated, and that he had an auricular fibrillation—that is, the two sides of his heart were not beating together; that in consequence of this he had a swollen liver which was the cause of the pain in his stomach; that deceased was sent to bed on the usual treatment for such condition and remained there for several months. Deceased did not on the first call inform the doctor that he had met with an accident, but he did afterwards inform him of a severe strain from heavy lifting. The doctor was of opinion that the broken compensation of the heart was the result of hard physical work which deceased had no business to be doing; that any one particular heavy strain, of which he undoubtedly had many, could have been the direct exciting cause of the broken compensation of the heart.

Deceased was allowed to go back to work in the spring of 1923, and worked until the following November, when he was suddenly seized with a paralytic stroke of the left side of his body and was sent home. He was never able to resume work after that.

Mrs. Frederickson, the widow of deceased, and applicant, testified that deceased was in good health until November 23, 1922; that he came home that evening complaining of a severe pain in the back of his neck and in his chest and also was sick at his stomach; that witness wanted to know what the trouble was, and deceased said he did not know; that he said, "I am just sick all over." Witness questioned him further, and he told her he had hurt himself lifting a box of tin weighing 215 pounds; that he told her a man helped him load it; and that when he got it to the warehouse there was no one there to help him unload it; that as he went to lift it off his foot slipped and the entire weight jerked his arm down and caused him pain in the neck and chest; that he had to sit down for a few minutes, and then one of the men came and helped him off with the tin; that deceased said the man was Mr. Burton. She testified to the effect that Burton declined to tell her what he knew about the accident, saying he was afraid he would lose his job.

Burton disclaimed any knowledge of an accident to deceased on November 23, 1922, but recalled an accident some months before that in which deceased strained his back. He also testified that in his conversation with applicant about an accident he had in mind the accident in which deceased strained his back. None of the employees of the Mercantile Institution, as far as shown by the record, ever heard of the alleged accident on November 23, 1922. The foreman, Mr. Kimball, and Mr. Strong, express manager, in whose department deceased worked, both testified they never heard of the accident complained of; that no report thereof was made to them, or either of them, although the rules of the institution were strict in requiring such reports to be made.

We have endeavored to reflect, in substance, the main features of the evidence laid before the commission, as far as we deem it material in view of the issues made.

After the order denying compensation was made applicant in her petition for rehearing offered the affidavit of one William G. Carver to the effect that on the 23d of November, 1922, he was engaged as the manager of a sheet metal concern in Salt Lake City; that on said date deceased, Frederickson, came to affiant's place of business to take away a box of tin that was too heavy for one person to lift; that he assisted deceased in loading the tin and told him he ought to have a helper; that on the next day he saw deceased again and noticed that he was in bad physical condition; that he asked deceased the cause, and he said he found that the case of tin was too heavy for him, and that while unloading it at the warehouse of his employer he slipped and suffered a severe strain. Affiant also deposed that he had been acquainted with deceased for several years and had always regarded him as unusually strong and uniformly in good health prior to the incident above related. Other affidavits were presented, but they are not material to the issues involved.

The commission, as before stated, denied the application for a rehearing. It did so undoubtedly for the reason that the proposed evidence was hearsay only and therefore insufficient to sustain an award of compensation.

The evidence relied on consists solely of alleged statements made by the deceased. There is no competent evidence whatever of an accident on November 23, 1922, except the testimony of some of the witnesses to the effect that he was a strong, able-bodied man up to that time and thereafter appeared to be in great pain and distress; that he worked a few days and was compelled to discontinue and call in a physician. Such evidence was competent as showing the sudden illness of the deceased. Standing alone it throws no light whatever upon the question of how, when, or in what manner the accident, if any, occurred. To ascertain

whether there was an accident and whether it occurred in the course of his employment, we are compelled to rely solely upon the statements of the deceased—statements which clearly were not of the res gestae. They were drawn from the deceased by questions propounded, and that too, as appears from the testimony of the applicant, with considerable reluctance on the part of deceased.

This court is committed to the rule that compensation under the Utah Industrial Act cannot be awarded on hearsay evidence alone. In *Garfield Smelting Co. v. Ind. Comm.*, 53 Utah, 133, the court at page 149 (178 P. 57, 63), says:

"We, however, agree with the New York Court of Appeals, as expressed in [*Carrol v. Knickerbocker Ice Co.*] 218 N. Y. 439, 113 N. E. 507, Ann. Cas. 1918B, 540, that although the commission in its investigations may have recourse to hearsay evidence to assist it at arriving at the real facts, yet when it makes its findings every finding of fact must be based on some substantial legal and competent evidence. In other words, every material finding that is entirely based on hearsay or other incompetent evidence is not supported by substantial evidence, and cannot be permitted to stand if seasonably and properly assailed. This, is seems to us, is the only reasonable and practical construction that should be placed on the Industrial Act when considered as a whole, as it must be."

The rule was invoked and reaffirmed in *Rockefeller v. Ind. Comm.*, 58 Utah, at page 135 (197 P. 1038). The rule is supported by decisions from other jurisdictions, but it is unnecessary to cite the cases.

There is much in the record tending to prove that whatever physical ailment deceased may have had in the nature of a disease it was aggravated and accelerated ■ by the nature of his employment which necessitated the lifting and removing of heavy articles. But the Utah Industrial Act, as construed by this court, makes no provision for compensation except in cases of death or injury resulting from accident, and what constitutes an accident has been determined by this court in cases heretofore decided. In *Cherdron Construction Co. v. Simpkins*, 61 Utah, 493, at

page 500 (214 P. 593, 596), the court after reviewing the authorities, says:

"In view of the authorities above referred to, and others which we have examined, we are of opinion that the decided weight of authority, under statutes similar to ours, is to the effect that strained effort or overexertion may cause an accidental injury for which compensation will be allowed. The underlying principle seems to be that the injury must happen suddenly, undesigned and unexpected, and at a definite time and place."

That was a case of pushing a car loaded with concrete up a steep incline towards the top of a building. The injury complained of happened at a definite moment of time and was established by competent evidence.

The term "accident" as used in the Industrial Act is also construed in *Tintic Milling Company v. Ind. Comm.*, 60 Utah, 14, 206 P. 278, 23 A. L. R. 325, in which many cases are cited from other jurisdictions.

Notwithstanding there was no competent evidence of an accident, as alleged in the appplication, it is probable that in view of the high standing of the deceased with his employer and those with whom he was associated in his work, some assistance would have been rendered the deceased if he had seasonably reported an accident and injury resulting therefrom. But as appears from the evidence the accident, if any, was not reported as the rules require, and no request for adjustment of his claim was made until about a month before he died—a period of more than two years after the alleged happening of the accident. It was not only not reported to his employer, or to the Industrial Commission, but it was not even known to his coemployees with whom he worked. It was not reported to his physician when he was first called to attend the deceased. At that time he complained of his stomach without reference to any accident as the cause of his condition.

The award of the Commission is affirmed.

GIDEON, C. J., and FRICK, CHERRY, and STRAUP, JJ., concur.