In the Matter of the Claim of ELLA BLOOMFIELD, against S. NOVEMBER et al., Respondents.

STATE INDUSTRIAL COMMISSION, Appellant.

**Workmen's Compensation Law — failure to give notice of injury required by the statute — insufficient basis for finding of industrial commission excusing such failure to give notice.**

Where no notice was served as required by the Workmen's Compensation Law, and no claim made under the statute until after the expiration of nine months, and the industrial commission has excused the claimant's failure to serve the notice because the employer and the insurance company were not prejudiced by such failure " for the reason that the employer was personally notified, at the time of the accident, that the claimant had pricked her finger," such finding cannot be sustained. There is an utter lack of connection between the finding that the employer and the insurance carrier were not injured by the failure to give the statutory notice and the fact which is found as a reason and basis for such finding.

*Matter of Bloomfield* v. *November,* 180 App. Div. 240, affirmed.

(Argued February 26, 1918; decided April 23, 1918.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered January 10, 1918, reversing an award of the state industrial commission and dismissing a claim made under the Workmen's Compensation Law.

The facts, so far as material, are stated in the opinion.

*Merton E. Lewis, Attorney-General (E. C. Aiken* of counsel), for appellant. The findings of fact having some evidence to sustain them and the reversal of the Appellate Division being conclusively presumed to be on the law, the order of the Appellate Division should be reversed and the award affirmed. (Code Civ. Pro. § 1338; *Middleton* v. *Whitridge,* 213 N. Y. 499; *Lennox* v. *Lennox,* 195 N. Y. 359; *Untermyer* v. *City of Yonkers,* 188 N. Y. 594; *People ex rel. Man. Ry. Co.* v. *Barker,*

165 N. Y. 312; *Hayward* v. *W. L. Colliery*, 8 B. W. C. C. 278; *Eydmann* v. *Premier Accumulation Co.*, 9 B. W. C. C. 384; *State ex rel. Duluth D. D. Co.* v. *District Court*, 152 N. W. Rep. 838; *State ex rel. Crookston Lumber Co.* v. *District Court of Pennington Co.*, 156 N. W. Rep. 278; *State ex rel. City of Northfield* v. *District Court of Rice Co.*, 155 N. W. Rep. 103; *Schmidt* v. *O. K. Baking Co.*, 96 Atl. Rep. 963; *Smith* v. *Solvay Process Co.*, 163 Pac. Rep. 645.)·

*John N. Carlisle* and *Alfred W. Andrews* for respondents. If it should be found that the claimant on August 5, 1915, the day of the alleged pricking of her finger with a pin, did state that fact to the employer, such a statement was not a " notice of injury " within the meaning of the act. (*Eydmann* v. *Premier Accumulative Co.*, 7 B. W. C. C. 121; *Jones* v. *Richard Thomas Co.*, 16 W. C. C. & Ins. Rep. 76; *Wassall* v. *Russel & Sons*, 15 W. C. C. & Ins. Rep. 88.)

HISCOCK, Ch. J. The claimant has been awarded a substantial sum as compensation for injuries alleged to have been received while in the employ of the defendant November. It is claimed and has been found that while in the discharge of her duties as a cloak model her finger was pricked by a pin and that therefrom resulted infection and loss of the use of a finger and serious injury to the wrist.

The case has displayed unquestioned features which might well have challenged the incurable suspicion of the commission. A trivial injury is said to have given rise to serious consequences; the claimant concededly has made statements denying the existence of facts upon which a claim could be predicated; no notice of injury as provided by statute was ever served and no claim under the statute was made until, after the expiration of nine months, it was quickened into activity by the

stimulating advice of claimant's brother who was connected with the industrial commission. Of course the findings which have been made disregarding these circumstances are binding upon us and the circumstances themselves are mentioned simply for the purpose of indicating that this is not a case where the respondents should be lightly deprived of their rights on the theory that the claim against them rests upon a foundation of undisputed evidence and is surrounded by an atmosphere of undoubted good faith.

The question involving the rights of the respondents which survives upon the findings that have been made is the one whether claimant's conceded failure to serve a written notice of her claim as provided by the statute has been excused on the ground that the respondents were not injured thereby. There is no finding or evidence that this failure is excused under the statute because it was impracticable to give such notice. The only excuse which has been found for the default is the one that the employer and the insurance company were not prejudiced by such failure.

This question is not a new one in this case. It was presented upon a former appeal. Then an award had been made although it appeared that no written notice had been given and although no finding had been made which excused such failure upon either of the grounds provided by the statute. Under those circumstances we reversed the award and remitted the case to the industrial commission in order that it might make findings upon this subject. (*Matter of Bloomfield* v. *November,* 219 N. Y. 374.) The commission has now made a finding but we think that it is insufficient to excuse claimant's default or to sustain the award. The finding is that " Ella Bloomfield failed to give to her employer written notice of injury within ten days of disability. Such failure has not prejudiced the employer for the reason that the employer was

personally notified at the time of the accident that she had pricked her finger and that she required some peroxide for application to the injury and he then had an opportunity to avail himself of all the facts and to give such attention as the occasion might require to the matter, and failed to do so because he was busy and did not consider the matter of any moment." It is also found that the swollen condition of claimant's wrist was displayed to an employee who was sent with her wages when she did not return to work, but the finding of this fact is concededly of no importance because there is no finding and no evidence that this employee disclosed to his employer knowledge of what he had seen. The award must stand solely upon the finding that the employer and insurance company were not prejudiced " for the reason that the employer was personally notified at the time of the accident that she (claimant) had pricked her finger."

The legislature has made it the rule that written notice of injury shall be given within ten days after disability. As we said upon the former appeal, prompt service of such notice is required " so as to give an employer the opportunity to investigate the circumstances of the claim. This requirement ought not to be treated as a mere formality or be dispensed with as a matter of course whenever there has been a failure to serve such notice." From the fact that the legislature has required such notice to be given the presumption reasonably arises that the opportunity for prompt investigation of an alleged injury is one of value. The statute, it is true, allows the failure to give this notice to be excused if it appears that the employer and the insurance company have not been prejudiced by such failure, but on principle as well as on authority the burden must rest upon the claimant who has been guilty of such default to supply the evidence and secure a finding that no such prejudice has resulted. (*Hayward* v. *Westleigh Colliery Co.*, 1915,

A. C. 540, 546.)    The finding in this case does not rebut the presumption of prejudice.

It is not necessary to decide whether lack of prejudice from failure to give the prescribed notice may not be found where by verbal notice in behalf of the claimant or by other knowledge the employer is promptly advised of an injury from which a claim for compensation may be reasonably apprehended.    It will be time to consider that question when it is presented, for it is not presented here. The statement found to have been made by the claimant to her employer simply that she had " pricked her finger " is entirely insufficient as a basis for the conclusion that prejudice thereby had been obviated.    There was nothing in that statement which indicated that this trivial injury was in any manner connected with or arose out of and in the course of claimant's employment and, therefore, could be the basis for a possible claim of compensation. So far as that statement was concerned claimant might have pricked her finger in arranging her dress or in putting on her hat or in any number of ways utterly disconnected with her employment, and, therefore, there was nothing to suggest that the employer was under any of that necessity for prompt investigation which would be suggested by a written notice under the statute.    If an employee should notify his employer that his hand had been caught in a machine which it was his duty to operate the inference would naturally and promptly arise that such an injury had occurred in the course of employment and perhaps it might be held that the employer would thereby have the same warning of a necessity for investigation that would follow from service of a written notice and that, therefore, he would not be injured by failure to serve the latter.    But it seems utterly extravagant to hold that every time an employee tells an employer that he has suffered some little hurt which neither by its nature nor by what is said appears to be anything connected with

his employment, an employer can be deemed to have been so forewarned of a coming claim and put upon investigation that he has suffered no injury from failure to give a proper and fair notice under the statute. Such is this case. If we were at liberty to consider the evidence we should feel perfectly clear that the claimant never believed that she was giving any notice of an injury under the statute. Certainly what she said could never have warranted a reasonably prudent and watchful employer in imagining any such notice.

Under these circumstances it seems to us that there is an utter lack of connection between the finding made by the commission that the respondents were not injured by failure to give the statutory notice and the fact which is found as a reason and basis for such finding. It is possible that the evidence might be so construed as to sustain a general finding, if it had been made in the words of the statute, that the employer and insurance company were not injured by failure to give the statutory notice. But it is unnecessary to consider that question. The commission has put its interpretation upon all of this evidence by finding simply that the claimant did state that her finger had been pricked, although it was strenuously and stoutly denied that she did even this. But having found this as the limit of what claimant did and having given this statement as the sole reason for the finding of lack of injury we are presented with the question whether such finding was sufficient, and as indicated we do not think that it was.

Therefore, the order of the Appellate Division should be affirmed, with costs against the industrial commission.

CHASE, COLLIN, CUDDEBACK, POUND and ANDREWS, JJ., concur; CARDOZO, J., dissents.

Order affirmed.