Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of JOHN J. KAVANAUGH, Respondent, for Compensation under the Workmen's Compensation Law, v. GENERAL ELECTRIC COMPANY, Appellant.

*Workmen's Compensation Law — sufficiency of notice of injury — telling assistant foreman but with no intention of giving notice on which to predicate claim.*

Appeal from an award of the State Industrial Commission in favor of the claimant made on the 29th day of September, 1919.

Award affirmed. All concur, except Kiley, J., dissenting, with an opinion.

KILEY, J. (dissenting): On November 15, 1918, the claimant while at work for the appellant claims to have injured his back while lifting a heavy coil of wire — says he heard or felt something snap in his back in lumbar region; that he felt dizzy and weak and was unable to do anything for several minutes; he continued to work until about February 25, 1919, when he was unable to work longer. Whether claimant received his injury at that time and in the way he claims to have received it was a question of fact passed upon adversely to the appellant, and under section 20 of the Workmen's Compensation Law* the decision is final and binding upon this court. The difficulty confronting the claimant is under the provisions of section 18·of the Workmen's Compensation Law.† Notice of injury is required to be given to the employer in writing, or if a corporation, as in this case, such notice must come to the employer in such a way that the employer will not be prej-

---

* Amd. by Laws of 1917, chap. 705. Since amd. by Laws of 1919, chap. 629.— [REP.

† Amd. by Laws of 1918, chap. 634.— [REP.

udiced because of the omission of the written notice. The only notice given the employer of claimant's injury which is claimed to comply with the provisions of the statute is that claimant told the assistant foreman about the snapping in his back and his subsequent dizzy feeling; that he did not know or think of the injury and had no intention of giving a notice upon which he was to predicate a claim for compensation. He continued to work until February 25, 1919, and said nothing about the incident, after the day it occurred, to any one connected with his employer. Under adjudicated cases in this court and the Court of Appeals such notice would seem to be insufficient. (*Bloomfield* v. *November*, 180 App. Div. 240; affd., 223 N. Y. 265.) The amendment to the Workmen's Compensation Law took effect May 13, 1918. This injury occurred in November, 1918. The award should be reversed and claim dismissed.