Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of J. W. BIXBY, Respondent, for Compensation under the Workmen's Compensation Law, *v.* COTSWOLD COMFORTABLE COMPANY, Employer, and MARYLAND CASUALTY AND GUARANTY COMPANY, Insurance Carrier, Appellants.

Third Department, March 2, 1921.

Workmen's Compensation Law — accidental injury — exposure — diphtheria as cause of disability — notice of injury is not mere matter of form and reasonable excuse for failure to give must be shown — duty of State Industrial Commission to follow decision of Court of Appeals in applying section 18, relating to notice of accident — requirements of said section condition precedent to award.

Where a carpenter and millwright, who had been exposed to dampness and rendered wet in the course of his employment by the nature of his work, became temporarily disabled by diphtheria, and it appeared that he had been doing like work for two or three months and there was no evidence of an accident or that the exposure was the proximate cause of the diphtheria, the claimant's own physician even declining to testify that there was any relation between diphtheria and the work, the evidence is insufficient to show that the diphtheria in any sense resulted from claimant's exposure.

It is the duty of the State Industrial Commission to follow the rules laid down by the Court of Appeals, and not to treat the provisions of section 18, relative to notice, as a mere matter of form. It should not excuse the failure properly to give notice of injury unless evidence is furnished by the claimant that the failure of notice did not prejudice the employer and insurance carrier.

Notice, however formal, that an employee is suffering from a germ disease, is not notice of an accidental injury arising out of and in the course of the employment.

The requirements of section 18 of the Workmen's Compensation Law, relating to notice, are a condition precedent to the right to an award.

COCHRANE, J., dissents.

APPEAL by the defendants, Cotswold Comfortable Company and another, from a decision and award of the State Industrial Commission, made on the 19th day of March, 1920, and filed in the Syracuse office of said Commission.

*Bond, Schoeneck & King [Clarence R. King* of counsel], for the appellants.

*Charles D. Newton, Attorney-General [E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

WOODWARD, J.:

The claimant's disability concededly resulted from diphtheria, a germ disease. The testimony of the attending physician is positive upon these propositions, and there is no dispute. The claimant testified in effect that he was employed as a carpenter and millwright; that on the 12th day of May, 1919, he was obliged in the course of his employment to enter a pit below the floor level; that this pit was about twenty inches deep; that he was obliged to lie down to perform the work; that the pit was damp; that he was also obliged to go out into the rain to get materials and his clothes were rendered wet; that he went home that night not feeling well; that he awoke in the morning with a cold, and the evidence shows that he developed diphtheria. It is not claimed that anything in the nature of an accident occurred in the pit; that there was anything different from the experiences of the two months prior, during which time he had been doing like work off and on, and the claimant's own physician declines to testify that there was any necessary relation between the diphtheria and the work which the claimant was doing. It seems clear that there is the same defect of proof in this case that was pointed out by the court in *Matter of Eldridge* v. *Endicott, Johnson & Co.* (228 N. Y. 21). There is nothing to show that diphtheria is the natural and unavoidable result of anything which occurred on the 12th day of May, 1919; no accident was established; no evidence was offered to show that the germ disease of diphtheria " naturally and unavoidably " resulted from an accidental injury. (Workmen's Compensation Law, § 3, subd. 7, as amd. by Laws of 1917, chap. 705.) " An accidental event takes place without one's foresight or expectation; an event that proceeds from an unknown cause, or is an unusual effect of the known cause, and therefore not expected." (*Matter of Woodruff* v. *Howes Construction Co.*, 228 N. Y. 276, 278.) The claimant knew that the pit was damp; knew that he would get wet if he went out in the rain; no unusual effect of the known cause is suggested. There was, therefore, nothing in the nature of an accident, and there is no evidence of probative force that the diphtheria was in any sense a necessary result from the exposure to which the claimant deliberately subjected himself.

Notwithstanding the deliberate decision of the Court of Appeals in *Matter of Bloomfield* v. *November* (223 N. Y. 265) the State Industrial Commission goes on making a purely formal conclusion of fact that " neither the employer nor the insurance carrier was prejudiced by the lack of such notice [required by section 18], if any, because the employer had knowledge of the injury and the resultant diphtheria immediately thereafter." The statute (Workmen's Compensation Law, § 18, as amd. by Laws of 1918, chap. 634) provides for a written notice which shall " contain the name and address of the employee, and state in ordinary language the time, place, nature and cause of the injury," and the only grounds on which the Commission may excuse the giving of this notice is either that " notice for some sufficient reason could not have been given, or on the ground that the employer, or his or its agents in charge of the business in the place where the accident occurred or having immediate supervision of the employee to whom the accident happened, had knowledge of the accident, or on the ground that the employer has not been prejudiced thereby." Here the evidence is conclusive that no notice whatever was given of any alleged injury. The claimant's wife telephoned to the employer's office that the claimant was ill; it may be that there was information reaching the employer that the claimant had developed diphtheria, but there is not a particle of evidence that any one representing the employer or the insurance carrier had any notice of an alleged personal injury " arising out of and in the course of his employment " (§§ 10, 3, subd. 7, as amd. *supra*), or anything intended to put them on inquiry. There was nothing which was in any sense an equivalent of the notice required to be in writing; no notice of the " time, place, nature and cause " of the alleged injury or of any " such disease or infection as may naturally and unavoidably result therefrom." (§ 3, subd. 7, as amd. *supra*.) Claimant's own physician testified, and was not disputed, that diphtheria is not one of the diseases which ordinarily or naturally comes from injury, and that it was a germ disease. Obviously a notice, however formal, that the claimant had a case of diphtheria would not be notice of an accidental injury arising out of and in the course of employ-

ment, and if it was intended to hold the employer responsible for a disease alleged to have resulted from such an injury it was the duty of the claimant to give the notice required by the statute; to state the " time, place, nature and cause of the injury."

It is perhaps not necessary to determine this question, in view of the previous point decided, but we conceive it to be the duty of the State Industrial Commission to follow the rules laid down by the Court of Appeals, and not to treat the provisions of section 18 as a mere matter of form. The requirements of the statute are a condition precedent to the right to an award, and where the Commission acts to relieve the claimant it should be only upon evidence furnished by the claimant that the failure of notice did not operate to prejudice the employer and the insurance carrier; the facts on which the conclusion rests, not the mere conclusion, should be given in the record.

The award appealed from should be reversed.

All concur, John M. Kellogg, P. J., on the ground of failure to give notice, except Cochrane, J., dissenting.

Award reversed and claim dismissed.