Before STATE INDUSTRIAL BOARD, Respondent.

FRANK CARBINO, Appellant, *v.* DEGRASSE PAPER COMPANY and Another, Respondents.

Third Department, June 27, 1924.

**Workmen's compensation — notice of injury — excusing failure to give notice is in discretion of State Industrial Board under Workmen's Compensation Law, § 18 — finding of State Industrial Board is binding on Appellate Division — burden is on employee to show facts excusing failure to give notice and to secure finding that failure is excused — objection to failure to give notice may be raised under Workmen's Compensation Law, § 18, by either employer or insurance carrier.**

It is within the discretion of the State Industrial Board under section 18 of the Workmen's Compensation Law to excuse the failure of a claimant to give a notice of injury within thirty days after the accident, and where the Board

finds upon evidence that there was no excuse for claimant's failure to give notice of the injury, that finding is binding upon the Appellate Division and will not be disturbed.

The burden rests upon the claimant who has been guilty of default to show the facts excusing him from giving a notice of the injury and to secure a finding that he is excused therefrom, and, therefore, the fact that the State Industrial Board makes no specific finding that the employer was not prejudiced by failure to give the notice is unavailing on appeal.

It is not necessary for both the employer and the insurance carrier to raise the objection that the claimant has not given a notice of injury within the time prescribed and that objection is not waived under section 18 of the Workmen's Compensation Law if raised by either the employer or the insurance carrier.

APPEAL by the claimant, Frank Carbino, from an order and decision of the State Industrial Board, and particularly from the opinion of the referee dated February 6, 1922, and also from an order and decision made on the 14th day of June, 1923, affirming the opinion of the referee.

*Frank W. Baker,* for the appellant.

*Carl Sherman, Attorney-General,* for respondent State Industrial Board.

*E. C. Sherwood* [*William B. Davis* of counsel], for the respondents employer and insurance carrier.

HINMAN, J.:

The State Industrial Board has found that the claimant sustained injuries arising out of and in the course of his employment as a fire cleaner by the DeGrasse Paper Company, respondent, in that while hoeing out red hot coals from the rear of a furnace in the plant of his employer, a fellow-employee turned water on the hot coals thereby causing a large cloud of hot steam to arise from which claimant sustained injuries in the nature of burns on his hands and face and right eye, disabling claimant. The State Industrial Board, however, denied an award of compensation to the claimant on the ground that he failed to give written notice to the employer of the accidental injury and that the employer had no knowledge of the accident within thirty days thereafter.

The sole question is one of notice. The Workmen's Compensation Law provides: " Notice of an injury for which compensation is payable under this chapter shall be given to the Commission and to the employer within thirty days after the accident causing such injury * * *. The notice shall be in writing * * *. The failure to give notice of injury * * * unless excused by the Board either on the ground that notice for some sufficient reason could not have been given, or on the ground that the employer, or his or its agents in charge of the business in the place

where the accident occurred or having immediate supervision of the employee to whom the accident happened, had knowledge of the accident, or on the ground that the employer has not been prejudiced thereby, shall be a bar to any claim under this chapter, but the employer and the insurance carrier shall be deemed to have waived such notice unless the objection to the failure to give such notice or the insufficiency thereof, is raised before the Board on the hearing of the claim filed by such injured employee, or his or her dependents." (Workmen's Compensation Law, § 18, as amd. by Laws of 1918, chap. 634, and Laws of 1922, chap. 615.) The statute thus provides positively that " unless excused by the Board " the failure to give the written notice of injury shall be a bar to any claim. The statute contemplates that the granting of such an excuse shall rest with the Board. The Board has refused to excuse the failure to give the written notice. The claimant concedes that no written notice of injury was given to the employer within thirty days after the accident. It is the contention of the claimant that the employer had actual knowledge of the accident through its superintendent, foreman and immediate superior to the claimant. If this court were to reverse the decision of the Board, the excusing of the failure to give notice would be the act of this court, which is not contemplated by the statute. It is a discretion which is vested in the State Industrial Board and even the decision of the Board in granting such an excuse must rest upon evidence bringing the case within the provisions of the statute. (*Matter of Hynes* v. *Pullman Co.*, 223 N. Y. 342, 345.) The burden rests upon the claimant who has been guilty of the default, to show the facts and secure a finding that entitles him to an award. (*Matter of Bloomfield* v. *November*, 223 N. Y. 265, 268.) On the question of whether or not the employer did have knowledge of the accident through its superintendent, foreman and immediate superior to the claimant, it does not appear that the superintendent had any knowledge of the accident until several months thereafter and the foreman and immediate superior to the claimant contradicted the testimony of the claimant and of his witnesses as to having any knowledge of the accident within the thirty-day period. Upon this issue of fact the decision of the Board is binding upon this court. The claimant also urges that it has been clearly shown that the employer was not prejudiced by his failure to give written notice of the accident. This is a question, however, which is addressed to the discretion of the State Industrial Board and one which cannot be decided by this court. The mere fact that the Board has not made a specific finding as to prejudice is likewise unavailing upon appeal to this court. The burden of proof rested upon the

claimant to show the facts and secure a finding of lack of prejudice from the Board. (*Matter of Bloomfield* v. *November, supra.*) The ·necessary inference from the failure of the Board to make such a specific finding is that it has refused to excuse failure to give notice upon that ground; and in the absence of the granting of such excuse, the claim is barred under the statute.

The only other question under section 18 of the Workmen's Compensation Law, above quoted, is whether there has ·been any waiver of such written notice by failure to raise the objection before the Board on the hearing of the claim. This objection was, how- ever, raised before the Board at the hearing by the insurance carrier. It is not necessary that this objection should be raised by both the employer and the insurance carrier. The statute is satisfied if the objection is " raised before the Board." (*Matter of Cheesman*, 236 N. Y. 47, 50.)

The decision of the State Industrial Board should be affirmed.

Decision of the State Industrial Board unanimously affirmed, without costs.,