Before State Industrial Board, Respondent.

Marcus Rechler, Respondent, *v*. R. H. Macy & Co., Inc., and Another, Appellants.

Third Department, March 4, 1925.

Workmen's compensation — notice of accident — failure to give notice — claimant was treated by employer's physician but denied having had accident — claimant continued to deny accident until nearly thirty days had elapsed — failure to give notice was prejudicial to employer.

The failure of the claimant to notify his employer of an accident was prejudicial to the employer, where it appears that shortly after the accident which caused inflammation of the covering of a bone of one arm at the elbow, the claimant was treated by his employer's physician, and not only did not report the accident but insisted that there had not been any accident; that the employer's physician treated him for rheumatism and sent him to his own physician who likewise diagnosed the case in the same way and to whom the claimant denied that he had suffered an accident; and that nearly one month after the accident he was treated by another physician who, on being told of the accident, procured an X-ray and discovered the real trouble.

The fact that medical services were rendered to the claimant within thirty days did not make his failure to notify the employer of the accident non-prejudicial, for the medical treatment furnished was not for the purpose of relieving any injury caused by the accident and, if he had given notice, proper treatment could have been rendered him and his recovery would have been much quicker.

Appeal by the defendants, R. H. Macy & Co., Inc., and another, from an award of the State Industrial Board, made on the 2d day of June, 1924.

*William Butler* [*Jeremiah F. Connor* of counsel], for the appellants.

*Albert Ottinger, Attorney-General* [*E. C. Aiken, Deputy Attorney-General*, of counsel], for the respondents.

McCann, J.:

Claimant was employed by R. H. Macy & Co. On November 23, 1922, he fell from a ladder and struck his elbow on a shelf. The only question on this appeal is the failure to give notice as provided by section 18 of the Workmen's Compensation Law which failure the employer claims is prejudicial. The ground upon which the State Industrial Board excused the notice was that the employer provided medical aid and treatment within thirty days after the happening of such injury.

After the accident in question, the claimant continued to work until the 9th day of December, 1922, at which time he reported to Dr. Rutledge, who is connected with the Macy Mutual Aid

Association and in the employ of Macy & Co. Dr. Rutledge bandaged his arm which at that time was swollen, tender and red and which was paining claimant but which bore no evidence of bruises or external marks. The claimant did not tell Dr. Rutledge that he had sustained any accident; in fact, he positively denied that he had had any accident. Dr. Rutledge concluded that the condition was inflammation of the joint; that it was a rheumatic condition or a septic joint and recommended that he go to his own physician. The claimant did as advised and called on Dr. Epstein the same day. He did not tell Dr. Epstein that he had had any accident or injury to his arm. The condition of his elbow was practically the same as that described by Dr. Rutledge. Dr. Epstein diagnosed the condition the same as Dr. Rutledge and treated him for about one week. This treatment was. entirely for rheumatism. On December fifteenth he called on Dr. Altman and told him the story of the accident. The latter physician testified that he procured an X-ray and there was no fracture but there was inflammation of the covering of the bone. He treated claimant for about ten weeks.

There was no written notice, nor any notice given to any person in authority until in March, 1923. The reason given by claimant for not giving notice ·is that he thought the matter would be all over within four or five weeks and he did not want his employer to know that he was injured as he was afraid he might lose his job.

The position taken by the Board is not tenable. The finding is to the effect that the employer was not prejudiced because medical attendance had been supplied within thirty days by the employer. There is no evidence to show there was no prejudice. The arm was bandaged by Dr. Rutledge but he had no knowledge of any injury or accident and did not render claimant the treatment that he needed, neither did the claimant's own physician who was treating him for rheumatism. Claimant not only failed to notify Dr. Rutledge of his condition but positively denied that he had received any accident and misled him and, therefore, the " medical aid and treatment " furnished by the employer was of no benefit to claimant and naturally could not have been. In view of the fact that there was no accident reported, it was the natural thing for Dr. Rutledge to send claimant to his own physician. While he was at home sick, after the expiration of the thirty days within which his claim should have been filed, a nurse from the Macy Mutual Aid Society of which Dr. Rutledge was an acting physician, visited the home of the claimant and he did not say anything to her about having had any accident. Mr. Gorton, who was assistant general manager for the employer, testified

that in his opinion the employer was prejudiced by the failure to receive notice, and that if notice had been given, proper treatment could have been supplied. This is the logical conclusion which must be drawn from the facts. Claimant not only failed to give the physicians the truth with reference to his condition so that they might act intelligently but he deliberately misled them into prescribing for rheumatism when he should have advised them as to the injury to his arm. In cases cited in which medical services have been rendered during the thirty-day period it appears that the treatment received was that which would have been received in any event, and, therefore, no prejudice arose from the failure to give the notice.

In *Prokopiak* v. *Buffalo Gas Co.* (176 App. Div. 128) the court said: " If the employer had been given prompt notice of the accident it would have been afforded an opportunity to investigate and perhaps it might have been able to produce medical evidence to the effect that the cancer, which was the disease directly responsible for the amputation, was in no degree produced, aggravated or accelerated by the apparently insignificant hurt."

In *Lawson* v. *Wallace & Keeney* (202 App. Div. 435; 208 id. 753; affd., without opinion, 239 N. Y. 540) the object of the provision of the statute is clearly set forth as follows: " The purpose of notice is to permit an early investigation of the circumstances of the accident by the employer and to give opportunity to furnish prompt medical service to claimant to prevent serious disability."

In *Carbino* v. *DeGrasse Paper Co.* (209 App. Div. 627) it is held that the burden rests upon the claimant who has failed to give notice, to show the facts excusing him from giving notice of injury. In the leading case of *Matter of Bloomfield* v. *November* (223 N. Y. 265) the same rule as to burden of proof is laid down.

There is no legal ground upon which the claimant's default may be excused. The medical aid and treatment furnished was not for the purpose of relieving any injury caused by any accident. It cannot be construed as notice to the employer. If the claimant had been honest with his employer, or with Dr. Rutledge or even with Dr. Epstein, his own physician, he would no doubt have received the treatment which he needed. His condition is due to deception.

The award should be reversed and the claim dismissed, with costs against the State Industrial Board.

All concur.

Award reversed and claim dismissed, with costs against the State Industrial Board.