(No. 5033.   August 2, 1927.)

H. W. BODAH, Appellant, v. THE COEUR D'ALENE MILL CO., a Corporation, Employer, and THE HARTFORD ACCIDENT & INDEMNITY CO., a Corporation, Surety, Respondents.

[258 Pac. 1079.]

WORKMEN'S COMPENSATION LAW—MASTER AND SERVANT—FAILURE TO GIVE NOTICE OF INJURY, EFFECT—BAR TO RECOVERY.

1.  Injured employee, having failed to give notice of injury as soon as practicable after its occurrence, as required by C. S., sec. 6243, had burden of showing that employer, agent or representative had knowledge of accident, or that no prejudice resulted to employer on account of delay in giving notice, in accordance with section 6246.

2. Where in proceeding under Workmen's Compensation Law (C. S., secs. 6213–6339), evidence failed to establish that employer had knowledge of injury, or that he had not been prejudiced by delay or want of notice, required by C. S., sec. 6243, recovery cannot be had, since section 6246 makes it necessary in case of failure to give notice of injury that employer have knowledge or be not prejudiced by want of notice.

APPEAL from the District Court of the Eighth Judicial District, for Kootenai County. Hon. W. F. McNaughton, Judge.

Appeal from judgment of the District Court affirming the decision of the Industrial Accident Board denying an award in a proceeding under the workmen's compensation law. *Affirmed.*

E. V. Boughton, for Appellant.

"In a case of this kind, in which the injury may not appear for some time after it has actually been inflicted by the accident, it would be manifestly unfair and a denial of justice to refuse compensation because the claimant could not identify the very day of the accident, though he could fix the time with reasonable certainty. To so hold would be to misconstrue the humane provisions of this law." (*McNeil v. Panhandle Lumber Co.,* 34 Ida. 773, 203 Pac. 1068; *Stombaugh v. Peerless Wire Fence Co.,* 198 Mich. 445, 164 N. W. 537.)

H. E. Davis and J. Ward Arney, for Respondents.

Giving notice of injury is prerequisite to maintenance of claim; prompt notice being of value to the employer and lack of such notice prejudicial, precluding possibility of protective investigation. (C. S., sec. 6243 et seq.; *Bloomfield v. November,* 223 N. Y. 265, 119 N. E. 705.)

Publisher's Note.

See Workmen's Compensation Acts, C. J., sec. 102, p. 104, n. 26, p. 105, n. 28, 29, 31.

o

Claim based on an injury sustained in 1923 is barred by C. S., secs. 2343 and 6612.

Prompt notice is necessary " . . . . so as to give an employer opportunity to investigate the circumstances of the claim. This requirement ought not to be treated as a mere formality or be dispensed with as a matter of course." (*Bloomfield v. November, supra.*)

WM. E. LEE, C. J.—For some years prior to the accident which gave rise to this proceeding, Henry W. Bodah had been an employee of the Coeur d'Alene Mill Company. On the twenty-fourth day of June, 1925, according to the findings of fact made by Lawrence E. Worstell, a member of the Industrial Accident Board, Mr. Bodah, while engaged in the performance of his regular duties and while attempting to move a heavily loaded truck, sustained an injury by accident arising out of and in the course of his employment, on account of which an award of compensation was made.

On a review of the proceeding by the entire board, at the instance of the insurance carrier, the material findings made by Mr. Worstell were set aside and contrary findings were made by the two remaining commissioners, on which compensation was denied. An appeal was prosecuted to the district court, where the order of the majority of the board was affirmed. This appeal is from the judgment of the district court.

The majority of the board "expressly" found that the claimant did not give notice of the injury as soon as practicable after its occurrence; that he made no report thereof until March 2, 1926; that "it would have been practicable for him to report" the injury any time between the 24th of June and the 4th of December; that it was not shown that the want of notice, or the delay in giving notice, had not prejudiced the employer; and that it was not shown that the employer, or any of its agents or representatives, had knowledge of the accident.

The law requires that notice of the injury be given the employer "as soon as practicable after the happening

thereof.'' (C. S., sec. 6243.) However, want of notice or delay in giving notice does not bar a proceeding for compensation " . . . . if it be shown that the employer, his agent or representative had knowledge of the accident, or that the employer had not been prejudiced by such delay or want of notice.'' (C. S., sec. 6246.)

The evidence is conclusive that notice of the injury was not given the employer as soon as practicable after the happening thereof. There was nothing to prevent the giving of notice any time after the happening of the accident until December 4, 1925, for claimant continued in the employ of the Coeur d'Alene Mill Company during all that period. He made no attempt whatever to excuse his failure to give notice as soon as practicable except that he did not know it was necessary to give notice or simply neglected to give it. He also made no attempt to show that the employer, its agents or representatives, either had knowledge of the accident or that the employer had not been prejudiced by the delay in giving notice.

[1, 2] The failure to give the notice undoubtedly acts as a bar to a proceeding for compensation except in the two instances provided by statute. The burden must be held to be on the claimant, who has failed to give notice of the injury as soon as practicable after its occurrence, to show that the employer, his agent or representative, had knowledge of the accident, or, that no prejudice resulted to the employer on account of the delay in giving notice. (C. S., sec. 6246; *In re Murphy*, 226 Mass. 60, 115 N. E. 40; *Bloomfield v. November*, 223 N. Y. 265, 119 N. E. 705; *Haynes v. Pullman Co.*, 223 N. Y. 342, Ann. Cas. 1918C, 1040, 119 N. E. 707. See, also, *Rogulj v. Alaska Gastineau Min. Co.*, 288 Fed. 549; Honnold on Workmen's Compensation, vol. 1, sec. 210; C. J., Workmen's Compensation Acts (Pamphlet), p. 105, note 31 (b).) Had the legislature intended otherwise, it would have required the employer to prove that it *did not* have knowledge of the injury, and that it *had been* prejudiced by delay or want of notice. There was neither evidence that the employer had knowledge of the injury, nor

that the employer had not been prejudiced by the delay or want of notice. Claimant failed to make the required proof and cannot recover. The judgment is affirmed.

Givens and T. Bailey Lee, JJ., concur.

TAYLOR, J., Concurring Specially.—I concur, but upon the added ground that the Industrial Accident Board, upon ample evidence, found that the appellant, Bodah, "did not . . . . , while in the employ of the defendant, Coeur d'Alene Mill Company, sustain a personal injury by accident arising out of and in the course of his employment, and that on or about said day he received no injury which resulted in a hernia, and expressly finds that the hernia, which the claimant alleges to have received, did not appear suddenly or immediately following any injury received by the claimant on said day." This finding, in the absence of a conclusion that it is unsupported by the evidence or contrary to law, should not be lightly set aside or disregarded, and is controlling.

BUDGE, J., Dissenting.—I find myself unable to concur in the majority opinion.

The record in this case stands uncontradicted in that it establishes the fact that Mr. Bodah sustained a personal injury, by accident arising out of and in the course of his employment, viz., hernia, for which he was subsequently operated, and that as a result of such injury so sustained and the operation made imperative thereby he was totally disabled.

Mr. Bodah's right to recover compensation is defeated, primarily, if I understand the majority opinion correctly, because a majority of the board found that there was lack of notice of the injury to the employer as soon as practicable after its occurrence. Without going into detail, to my mind there was nothing to warrant the board in so finding, either in law or by any disclosure in the record. There is an absolute lack of evidence that the employer was in any way

prejudiced by the failure of Mr. Bodah to give notice, conceding that notice was not given, and the burden should properly rest upon the employer to show prejudice by reason of failure to give notice. C. S., sec. 6246, *inter alia,* provides:

"Want of notice or delay in giving notice shall not be a bar to proceedings under this chapter if it be shown that the employer, his agent or representative, had knowledge of the accident, *or that the employer has not been prejudiced by such delay or want of notice.*"

If notice is given, no showing of prejudice by the employer would be necessary. Lack of notice furnishes to the employer the right to show prejudice and thereby to defeat the claim. Whether or not he was prejudiced by lack of notice would rest peculiarly within the knowledge of the employer.

The holding in the majority opinion as to the effect of lack of notice is highly technical and defeats the humane provisions of the workmen's compensation law, the purpose of the law, as declared by the legislature, being to provide sure relief for injured workmen and their families and dependents. It is the settled rule in this state that the workmen's compensation law should be liberally construed with a view to effect its object and to promote justice. (*McNeil v. Panhandle Lumber Co.,* 34 Ida. 773, 203 Pac. 1068.) As was said in the recent case of *Walker v. Hyde,* 43 Ida. 625, 253 Pac. 1104: "The modern tendency of the decisions . . . . and the spirit of the law, is to award compensation in all cases where a liberal construction of the statute would justify it."

In harmony, therefore, with the principles above stated, where there is absolute failure of prejudice to an employer because of want of notice, and positive proof of the right to recover otherwise, this court should lay down the rule that in such circumstances a recovery should not be denied. The judgment should be reversed.

Petition for rehearing denied.