(No. 5219.   January 8, 1929.)

A. C. WILSON, Employee, Respondent, v. STANDARD OIL COMPANY, Employer, and COLUMBIA CASUALTY CO., Surety, Appellants.

[273 Pac. 758.]

Wm. J. Costello, for Appellants.

E. T. Knudson, for Respondent,

WM. E. LEE, J.—Claimant commenced this proceeding for compensation for the loss of sight of an eye, which he claims resulted from a strain caused by lifting a heavy sill in the construction of a building by the Standard Oil Company.

The board refused to permit the witness Lobdell to testify that, about two hours after lifting the sill, claimant told him that he believed he had strained himself or had lifted too hard. The board also refused to permit testimony by one Twilliger that, on the evening of the day of the alleged injury, claimant said he would not need his tool box if his eye did not improve.

The Industrial Accident Board found that no notice of the injury was given the employer, or any officer or agent thereof, "as soon as practicable after the happening thereof"; (C. S., sec. 6243) that no notice was given until about the 9th of July, 1926 (the date of the accident being

on or about July 15, 1925); that it was not shown that the employer, its agents or representatives, had knowledge of the accident, or that the employer was not prejudiced by delay or want of notice. The board also found that "claimant's loss of vision and his blindness are not the result of any injury by accident arising out of and in the course of his employment" with the Standard Oil Company.

The board dismissed the proceeding, and the district court, on appeal, held that the board had erred in refusing to admit the proffered testimony, reversed the cause and directed the board to conduct a further hearing and admit the rejected testimony. It is from the judgment of the district court that this appeal is prosecuted.

The question for determination is whether the board erred in refusing to permit the witnesses Lobdell and Twilliger to testify to statements, respecting the alleged injury, made some hours after its occurrence. The proffered evidence was purely hearsay and its rejection would seem to have been proper in a court of law. Of course the accident board is not a court, and is not so bound by the strict rules of evidence. It was recently held in *Butler v. Anaconda Copper Mining Co.*, 46 Ida. 326, 268 Pac. 6, that while such evidence was inadmissible, the receipt thereof did not require a reversal, there being sufficient competent evidence to sustain the findings. Much latitude is permitted the board in the admission of evidence, but findings of fact cannot be based on incompetent evidence. (See *Garfield Smelting Co. v. Industrial Commission*, 53 Utah, 133, 178 Pac. 57; 2 Schneider's Workmen's Compensation Law, sec. 508.) Since the admission of incompetent evidence does not constitute reversible error, the rejection of incompetent evidence should not require a reversal. Conceding that the board, in the exercise of good judgment, should have admitted the proffered evidence, since no finding could have been based thereon, it is our conclusion that a reversal should not have been directed.

Conceding even that the proffered evidence had probative value and should have been admitted, it tended solely to

establish the alleged injury and had no relation to the question of notice. Having failed to show that the employer, its agents or representatives, had knowledge of the accident or that the employer had not been prejudiced by such delay or want of notice (C. S., sec. 6246), claimant could not recover. (*Bodah v. Coeur d'Alene Mill Co.*, 44 Ida. 680, 258 Pac. 1079.) It is proper to state that both *Butler v. Anaconda Copper Mining Co., supra,* and *Bodah v. Coeur d'Alene Mill Co., supra,* were announced after the judgment was entered.

The judgment is reversed. Costs to appellants.

Budge, C. J., Givens and Taylor, JJ., and Hartson, D. J., concur.