In the Matter of the Claim of LEO H. SMITH, Respondent, against WARREN NASH MOTOR CORPORATION and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.

Third Department, September 24, 1931.

*Grattan B. Shults* [*Harold V. Angevine* and *James I. Cuff* of counsel], for the appellants.

*John J. Bennett, Jr., Attorney-General* [*Joseph A. McLaughlin, Assistant Attorney-General*, and *Abraham Brekstone* of counsel], for the respondents.

PER CURIAM. The failure to give written notice of injury has been excused upon the ground that the employer was not prejudiced because " had the employer had notice in thirty minutes and had he employed the finest eye expert, the sight of the eye could not have been restored." This is not a sufficient ground for excusing this failure. (*Bellanca* v. *Spencer Lens Co.*, 214 App. Div. 824; *Matter of Bloomfield* v. *November*, 223 N. Y. 265; *Matter of Hynes* v. *Pullman Co.*, Id. 342.) Section 18 of the Workmen's Compensation Law states the grounds on which such failure can be excused. One ground is that the employer has not been prejudiced thereby. The finding might be stated in the language of the statute. Then if there is evidence supporting the finding it may be sustained. The burden is on claimant to present such evidence. (*Matter of Bloomfield* v. *November, supra*, 268.) In this case the ground of the finding is stated; the finding is then limited to the ground stated and is not sufficient; it does not cover the purpose of the statute which is " to give an employer the opportunity to investi-

gate the circumstances of the claim." (*Matter of Bloomfield* v. *November*, 219 N. Y. 374, 376; S. C., 223 id. 265, 268.)   The awards should be reversed and the claim remitted, with costs against the State Industrial Board to abide the event.

All concur.

Awards reversed and claim remitted, with costs against the State Industrial Board to abide the event.