(No. 6043. March 26, 1934.)

CLAUD FROST, Appellant, v. IDAHO GOLD DREDGING COMPANY, Employer, and STATE INSURANCE FUND, Surety, Respondents.

[31 Pac. (2d) 270.]

T. L. Martin, for Appellant.

James H. Hawley, Jr., and P. C. O'Malley, for Respondents.

GIVENS, J.—Claimant and appellant employed by respondent Idaho Gold Dredging Company as a fireman on a mining dredge, mashed his hand in removing a stick from a wood-pile May 1st or 2d. Appellant in a day or two left such employment, the company having no knowledge of the accident, and about May 5th went to Lewiston, where he had certain fibrous tumors, existing on his hand prior to the accident, removed by a surgical operation. June 11th, appellant served and filed his notice of accident and claim for compensation.

Respondent surety contended that notice had not been given as soon as practicable and that appellant had not shown that it and the employer were not prejudiced by the delay.

The board did not find whether notice was given as soon as practicable, but did find that the fund and employer were prejudiced by the delay in giving notice. The board found appellant had been temporarily totally disabled for three weeks but allowed no compensation.

A physician testified, in behalf of appellant, that from an examination made just before the hearing and after the accident, that two fingers could be voluntarily flexed only fifty per cent due to the accident, and not the operation or the tumorous condition, resulting in probably seventy-five per cent impairment of the hand. Physicians testified for the defense that so far as they could tell at present the mashing of the hand may have aggravated the tumors but that the hand would normally heal from such an accident in two or three weeks and that any impairment now existing was not due to the accident, nor to any aggravation by the accident of the tumorous condition.

There was evidence on the part of both appellant and respondents that the treatment given the hand immediately following the accident was proper and correct, and there is no counter-showing that any other immediate treatment could or should have been given or any showing of prejudice to the employer or the fund so far as the three weeks is concerned, and there is no evidence to show that the appellant was not disabled for such three weeks because of the accident.

Thus there was a showing that there was no prejudice to the respondents as to the three weeks' disability, which it is virtually conceded appellant suffered, and, compensation should have been allowed therefor, because at most the claim should be barred only to the extent the employer was prejudiced by the lack of notice. (*Schmidt v. O. K. Baking Co.,* 90 Conn. 217, 96 Atl. 963; C. J. Phamphlet, Workmen's Compensation Acts, p. 105, n. 35; *Bongialatte v. H. Wales Lines Co.,* 97 Conn. 548, 117 Atl. 696.)

Section 43–1202, I. C. A., requires the employee to give notice to the employer of the accident, " . . . . as soon as practicable but not later than sixty days after the happening thereof, . . . . " (of the accident).

Section 43–1205, I. C. A., provides:

" . . . . Want of notice or delay in giving notice shall not be a bar to proceedings under this act if it be shown that the employer, his agent or representative, had knowledge of the accident, or that the employer has not been prejudiced by such delay or want of notice."

The notice referred to is obviously that mentioned in sec. 43–1202, I. C. A., and the words "want of notice" cover the case where no notice of any kind is ever given and therefore would cover any period of time, within or beyond the sixty days mentioned in sec. 43–1202, I. C. A., and there is nothing in either statute to indicate that the exculpatory exceptions in sec. 43–1202, I. C. A., do not likewise operate as to "delay" in not giving the notice as soon as practicable, within sixty days, or beyond the sixty-day period, and is to be considered in connection with either knowledge or lack of prejudice.

This court has previously twice held that the burden of showing lack of prejudice beyond the sixty-day period is on the employee. (*Bodah . v. Coeur D'Alene Mill Co.*, 44 Ida. 680, 258 Pac. 1079; *Wilson v. Standard Oil Co.*, 47 Ida. 208, 273 Pac. 758.) If notice is given as soon as practicable and within sixty days no excuse is necessary, if not as soon as practicable then even though within sixty days the employee must show lack of prejudice.

██ ██ Without deciding what is as "soon as practicable" it must be reasonable taking into consideration all the circumstances of the particular case and there is nothing herein to justify the delay of thirty-nine days in giving notice except that the employee was ignorant of the law, which, even under a liberal construction of the Workmen's Compensation Act, is not under the circumstances herein a good excuse. (Honnold on Workmen's Compensation, p. 753; *Twonko v. Rome Brass & Copper Co.*, 224 N. Y. 263, 120 N. E. 638.)

In *Ford Motor Co. v. Hunt*, 146 Okl. 105, 293 Pac. 1038, 78 A. L. R. 1227, it is said:

" 'The object of the notice obviously is to give the employer notice of the injury and surrounding circumstances in order that he may make an investigation with reference thereto. He should have such information to determine if the individual claiming was really an employee or such a person as could claim the benefit of the statute. Many large concerns employ transient laborers, and imposition might arise were this information not definite. He should be informed of the time and place in order that he may seek witnesses who were present or near to determine if the injury actually occurred there or at some time when the claimant was not engaged in his employment. It is not enough that claimant may say months later that no one else was present. The employer should have timely opportunity to investigate and see if the allegation is true. Had he been given an opportunity to show facts he might be able to show that others were in fact present, or that the injury, in fact, occurred a distance from his plant and on the business or pleasure of the claimant. It would be a peculiar rule

that would permit a claimant to wait months until the means of information were closed, then come in with his own case and claim the employer is not prejudiced because "no one else was there . . . . ' "

*Bloomfield v. November*, 223 N. Y. 265, 119 N. E. 705, cited with approval in *Bodah v. Coeur D'Alene Mill Co., supra,* lays down the rule thus:

"The legislature has made it the rule that written notice of injury shall be given within ten days after disability. As we said upon the former appeal, prompt service of such notice is required, 'so as to give an employer an opportunity to investigate the circumstances of the claim. This requirement ought not to be treated as a mere formality or be dispensed with as a matter of course whenever there has been a failure to serve such notice.' From the fact that the Legislature has required such notice to be given the presumption reasonably arises that the opportunity for prompt investigation of an alleged injury is one of value. The statute, it is true, allows the failure to give this notice to be excused if it appears that the employer and the insurance company have not been prejudiced by such failure, but on principle as well as on authority the burden must rest upon the claimant who has been guilty of such default to supply the evidence and secure a finding that no such prejudice has resulted." (See also: *Bixby v. Cotswold Comfortable Co.*, 195 App. Div. 659, 186 N. Y. Supp. 762; *Carbino v. DeGrasse Paper Co.*, 209 App. Div. 627, 205 N. Y. Supp. 337; *Rechler v. R. H. Macy & Co.*, 212 App. Div. 133, 208 N. Y. Supp. 467; *Smith v. Warren Nash Motor Corp.*, 233 App. Div. 296, 252 N. Y. Supp. 623; *Kangas' Case*, 282 Mass. 155, 184 N. E. 380; *Cameron Coal Co. v. Collopy*, 102 Okl. 207, 228 Pac. 1100.)

As indicated above the employer was not prejudiced as to the three weeks' period of disability but as to any continuing disability or disability resulting from the operation, there is no evidence either way. All doctors testified as to the present condition of his hand and while they differed as to whether the present condition was or was not caused by the accident, in conjunction with or independent of the

tumors, none testified or were asked as to whether they could, or could not, have better diagnosed or treated the hand if advised earlier, nor did the doctor who performed the operation throw any light on the subject.

There is a conflict in the evidence as to the disability lasting beyond three weeks or now existing, being a result of the accident, or due to ''Dupuytren's Contracture,'' which one doctor testified appellant was suffering from being a progressing chronic development in men of appellant's age. The board and court were therefore justified in concluding appellant had not met the burden of proving nonprejudice, placed on him by the statute, and except for the three weeks disability the judgment is affirmed, as to the three weeks the judgment is reversed and the cause ordered remanded to the board to make an award therefor in accordance herewith; costs to appellant.

Morgan, Holden and Wernette, JJ., concur.