(No. 6958. December 5, 1941)

JAMES CALVIN CLAYTON, Respondent, v. HERCU-
LES MINING COMPANY and STATE INSUR-
ANCE FUND, Appellants.

(119 Pac. (2d) 890)

Frank L. Benson, for Appellants.

F. C. Keane and Eugene F. McCann, for Respondent.

MORGAN, J.—Respondent, an employee of appellant, Hercules Mining Company, filed notice of injury by accident arising out of and in the course of his employment, and claim for compensation, with the industrial accident board, dated October 29, 1940. April 21, 1941, he filed a petition for a hearing on his application for compensation and alleged therein that his accident occurred August 6, 1940 and that his employer was notified thereof on the tenth of that month. Appellants filed an answer in which they denied the allegation relative to the occurrence of the accident, and further denied "that the employer was notified of the said alleged accident on the 10th day of August, 1940, and allege that the said employer was not notified of said accident until on or about the 29th day of October, 1940."

The answer also contains the following allegation:

"Further answering said Petition, the defendants allege that the claimant did not give notice of said alleged accident to said employer as soon as practical; and that more than sixty (60) days, after the happening thereof, had elapsed before said employer was notified, and the defendants further allege that they have been prejudiced by such delay."

After a hearing on the issues framed by the petition and answer thereto, the industrial accident board made findings of fact in which it found the accident occurred "sometime in the latter days of July, 1940 * * * ."

Among appellants' specifications of error is the following:

"The Industrial Accident Board erred in making an award to the claimant without first finding that the claim-

ant had complied with Secs. 43-1202 and 43-1203 by giving written notice of the accident to the employer as soon as practicable and within sixty days after the happening thereof, or that the employer had notice of said accident within said sixty-day period or had not been prejudiced by delay or want of notice."

Idaho Code Annotated, § 43-1202 provides:

"No proceedings under this act for compensation for any injury shall be maintained unless a notice of the accident shall have been given to the employer as soon as practicable but not later than sixty days after the happening thereof, * * *"

Section 43-1203 requires that the notice be in writing; that it contain the name and address of the employee, and that it state, in ordinary language, the time, place, nature and cause of the injury. Section 43-1205 is:

"A notice given under the provisions of section 43-1202 shall not be held invalid or insufficient by reason of any inaccuracy in stating the time, place, nature or cause of the injury, or otherwise, unless it is shown that the employer was in fact misled to his injury thereby. Want of notice or delay in giving notice shall not be a bar to proceedings under this act if it be shown that the employer, his agent or representative, had knowledge of the accident, or that the employer has not been prejudiced by such delay or want of notice."

█ █ The transcript contains no written notice, to the employer, of the accident, and there is no evidence any was given. The testimony is conflicting as to whether or not an agent and representative of the employer had knowledge of the accident within a few days after it occurred. The industrial accident board made no finding on the issue framed by the petition and answer thereto as to whether notice was given, as to whether the employer, or its agent or representative, had knowledge of the accident, or as to whether it has been prejudiced by delay in giving notice thereof. Failure to find these facts makes it necessary that we reverse the award and remand the proceeding to the board with direction to make findings of fact on this issue and make an award accordingly, and it is so ordered. *Bodah v. Coeur d'Alene Mill Co.*, 44

Ida. 680, 258 Pac. 1079; *Wilson v. Standard Oil Co.*, 47 Ida. 208, 273 Pac. 758; *Hanson v. Independent School Dist. 11-J.*, 50 Ida. 81, 294 Pac. 513; *Scarborough v. Beardmore*, 52 Ida. 180, 12 Pac. (2d) 771; *Frost v. Idaho Gold Dredging Co.*, 54 Ida. 312, 31 Pac. (2d) 270; *Feuling v. Farmers' Co-operative Ditch Co.*, 54 Ida. 326, 31 Pac. (2d) 683; *In Re MacKenzie*, 54 Ida. 481, 33 Pac. (2d) 113; *Smith v. Mercy Hospital*, 60 Ida. 674, 95 Pac. (2d) 580; *Watkins v. Cavanagh*, 61 Ida. 720, 107 Pac. (2d) 155.

In 1935, the legislature, by joint resolution, submitted to the electors of Idaho an amendment of the constitution, Article V, § 9, which was approved at the general election held November 3, 1936 (1935 Sess. L., 377). It is therein provided:

"On appeal from orders of the Industrial Accident Board the court shall be limited to a review of questions of law."

That amendment put an end to difference of opinion as to who should decide, from conflicting evidence, as to the sufficiency of facts established to sustain an award of the industrial accident board. It is clearly the duty of the board to do so.

Costs on appeal will abide final decision of the case.

Budge, C.J., and Givens, Holden and Ailshie, JJ., concur.