■ In the Matter of the Claim of HYMAN NEWMARK, Appellant, v H. M. STEVENS, INC., et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed August 31, 1975, which disallowed claimant's claim upon a finding of noncompliance with section 18 of the Workmen's Compensation Law. Section 18 of the Workmen's Compensation Law requires that a claimant or someone on his behalf must give an employer written notice of injury within 30 days after *the accident.* The notice, *inter alia,* must state the nature and cause of the injury. The board found that "on July 8, 1972 [the claimant] while working, suffered a heart attack." The claimant testified that on July 8, 1972 he had told his coemployees that he did not feel well; however, this was disputed at the hearings. As noted by the board, the claimant's supervisor was notified only on the day after the event that claimant had suffered a heart attack. The record establishes that no written or oral notice was given to the employer of any causal connection between the employment and the heart attack within 30 days after July 8, 1972. The board disallowed the claim upon finding "that the claimant failed to give notice within the meaning of section 18 of the Workmen's Compensation Law." The claimant did not give notice. However, section 18 expressly provides that the board can excuse such failure "either on the ground that notice for some sufficient reason could not have been given", or that the employer through its supervisor "had knowledge of the accident", or "that the employer [had] not been prejudiced". The claimant contends that the decision should be reversed because the board made no findings as to the existence of an excuse for the failure to timely give notice. When a record

establishes that the written notice required by section 18 is not given, the burden is upon the claimant to establish before the board an excuse for such failure. (See *Matter of Choudhury v Brooklyn Hebrew Home & Hosp.,* 46 AD2d 954.) In the present case, the question of section 18 came to the board by way of an appeal by the employer and its insurance carrier from a referee's decision in favor of the claimant. The claimant in his reply to the appeal to the board did not urge an excuse; however, the appeal did not allege that the late notice was inexcusable. In *Matter of Carbino v De .Grasse Paper Co.* (209 App Div 627, 629) it was noted that as to the issue of whether or not an employer had been prejudiced by a failure to give timely notice, the question is one of discretion for the board and it does not have to make any specific findings. In the same case, however, it was noted that as to issues of fact, the board had made a finding. The claimant testified that he had not related his work history to the attending doctor or to the hospital on July 8, 1972. He also testified that immediately following his attack he was confined to the hospital for six and one-half weeks and it is not disputed on this appeal that he was hospitalized from July 8, 1972 to August 16, 1972 and then again from August 28, 1972 to September 3, 1972. The board's decision indicates that the first diagnosis of causal connection was on October 11, 1972 by a Doctor Shaye and, of course, the employer knew of the disablement on July 9, 1972. The appeal in the present case was made upon a shortened record and it does not contain all of the evidence in this case. Unlike *Matter of Carbino v De Grasse Paper Co. (supra),* the present case necessitated findings of fact as to whether or not the failure to give notice was excusable and the failure of the board to make any such findings makes its decision unreviewable. It might be contended that the board's finding is that no notice at all of the work relationship was given to the employer, however, it would be impossible to make such a finding on this record because the claimant's claim, filed October 2, 1972, recites the causal connection and the carrier's notice of controversy dated October 31, 1972 establishes that notice per se was received. Decision reversed, without costs, and matter remitted to the Workmen's Compensation Board for further proceedings not inconsistent herewith. Koreman, P. J., Greenblott, Main and Herlihy, JJ., concur; Reynolds, J., dissents and votes to affirm in the following memorandum. Reynolds, J. (dissenting). The board has made a factual finding based on the credible evidence that claimant failed to give notice within the meaning of section 18 of the Workmen's Compensation Law. This finding was entirely within the province of the Workmen's Compensation Board and we have no right to reverse it. I would affirm.