■ In the Matter of the Claim of Myrtle Heuser, Appellant, v United Board & Carton Corp. et al., Respondents. Workmen's Compensation Board, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed October 29, 1975, which held that the claim for death benefits was barred by failure to give timely notice of claim. The board found: "James Brockway testified that he was decedent's supervisor. He heard of the decedent's death the day after he died. He did not remember who told him but he was told that decedent died of a heart attack. He and several other employees in supervisory capacity attended the funeral. He further testified that night in locker room he was advised that while carrying plywood decedent had collapsed in a chair and that decedent got sick and could not work the rest of the day. Decedent's foster son testified that he called the employer and told him that the decedent had died. After review, the Board Panel finds based on the credible evidence that statutory notice was not given to the employer in accordance with Sect. 18 and that failure to give notice is inexcusable." The record conclusively establishes that the claimant did not give the written notice required by section 18 of the Workmen's Compensation Law and as to that point the board's reference to "credible evidence" is inexplicable. The finding that the failure is "inexcusable" on the record and on the board's own recitation of evidence is ambiguous. It is readily apparent from the board's decision that, as a matter of law, the employer had sufficient knowledge of an illness commencing in the course of employment with death soon after at home to constitute an excuse (see *Matter of Domash v Standard Coat, Apron & Linen Serv.,* 11 AD2d 575, affd 9 NY2d 889). It should be noted that the board in a prior decision dated March 22, 1974, and not appealed, found that the claim for death benefits was timely filed pursuant to section 28 of the Workmen's Compensation Law. The finding of the board that the failure to give written notice is inexcusable is conclusory and not such a finding of fact as would permit a review of the exercise of discretion. Section 18 of the Workmen's Compensation Law, as pertinent, provides: "The failure to give notice of injury or notice of death unless excused by the board either *on* the ground that notice for some sufficient reason could not have been given, or on the ground that the employer, or his or its agents in charge of the business in

the place where the accident occurred *or* having immediate supervision of the employee to whom the accident happened, had knowledge of the accident or death, *or* on the ground that the employer has not been prejudiced thereby, shall be a bar to any claim under this chapter" (emphasis supplied). (Cf. *Matter of Newmark v H. M. Stevens, Inc.,* 53 AD2d 762.) Further, the finding is ambiguous since it could involve an erroneous interpretation of the law as a basis for the exercise of discretion. The proceeding must be remitted to the board for such further proceedings as it may deem necessary and the making of appropriate findings. Decision reversed, with costs to claimant against the employer and its insurance carrier, and matter remitted to the Workmen's Compensation Board for further proceedings not inconsistent herewith. Greenblott, J. P., Mahoney, Main, Larkin and Herlihy, JJ., concur.